UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

      *Plaintiff*,

      20 Cr. 022 (PAC)

  - against -

      **MEMORANDUM & ORDER**

CARLOS RAMIREZ,

      *Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  Defendant Carlos Ramirez ("Ramirez") faces three criminal charges stemming from his alleged involvement with the Sunset Trinitarios criminal enterprise: (1) Racketeering Conspiracy (Count One); (2) Murder in Aid of Racketeering Activity (Count Two); and (3) Use of Firearms Resulting in Death (Count Three). Ramirez's co-defendant, Ediberto Santana ("Santana")—the alleged leader of the Sunset Trinitarios—faces the same three counts, along with two additional counts relating to a separate alleged murder (Counts Four and Five). As of this time, no trial date has been set.[1]

  Currently before the Court are Ramirez's pre-trial motions for several forms of relief. For the reasons set forth below, the motions are in large part **DENIED**, or deferred.

  **I.**   **Motions for Discovery and a Bill of Particulars**

  Ramirez first seeks to compel the Government to disclose a variety of discovery materials pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady*, *Kyles*, *Giglio*, and their progeny. He also moves for a bill of particulars.

  The Court finds these requests to be premature at this stage of the proceedings.

  At the heart of these motions is Ramirez's contention that the Government has failed to

---

[1] Several other co-defendants are also named in the Indictment, but due to anticipated or already-entered guilty pleas, are not expected to face trial in this prosecution.

produce sufficient information for Ramirez to understand—and therefore defend against—what the Government purports to have been his role in the alleged criminal enterprise. Instead, Ramirez argues, he has been provided with nothing more than "the most general and generic nature of the charges against him." (Def. Mem. at 14, ECF No. 92.) For its part, the Government has countered that it is "aware of its disclosure obligations and will continue to comply with them," and that it will provide *Giglio* material in a "timely manner prior to trial." (Gov't Opp. at 2–3, ECF No. 99.) At this stage, that is sufficient.

The Government has also provided further detail in its February 28, 2022 Enterprise Letter, which expressly omits "substantive crimes charged in the Indictment" such as Ramirez's alleged role in the killing of Michael Beltre. (Gov't Ltr. at 1, ECF No. 122.) Of the eleven specific acts identified in the Enterprise Letter, one implicates Ramirez: the uncharged alleged Jordany Correa murder in 2014. (*See id.* at 3.) The Enterprise Letter does not address many of the questions surfaced in Ramirez's proposed bill of particulars, including, *inter alia*, the timing and circumstances surrounding his first and last participation in the conspiracy; any additional overt acts he is alleged to have committed in furtherance of the conspiracy; the identities of co-conspirators he is alleged to have committed them with; the names of all co-conspirators; etc. (*See* Def. Mem. at 8.) These requests smack of discovery. *See United States v. Muric*, No. 10-CR-112 (LTS), 2010 WL 2891178, at *1 (S.D.N.Y. July 13, 2010) ("Acquisition of evidentiary detail is not the function of the bill of particulars.") (internal quotation marks omitted); *see also United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991) (affirming denial of a bill of particulars, holding that so long as the defendant is "sufficiently advised as to the charges against him as well as the elements of the offenses," the Government need not "list the specific activities which showed how he furthered the criminal enterprise or the conspiracy"). It is not clear that Ramirez is entitled to

these disclosures.

Ramirez is currently on notice concerning at least two specific acts—the Beltre and Correa killings—that are alleged to have been committed with his involvement and in furtherance of Sunset's objectives. Admittedly, this disclosure is not as richly detailed as the disclosures concerning Santana, but it is enough to provide Ramirez with the essence of the Government's case against him at this time. Further, the Government has represented that it intends to make additional disclosures closer to trial. This, again, is sufficient at this stage.

Accordingly, with an incomplete record at the Court's disposal, and with trial nine months in the future, Ramirez's requests are premature. The parties may raise these issues at the upcoming conference.

**II.   Motion to Sever Trial**

The Court similarly reserves its decision concerning the motion to sever trial. Because the information at the Court's disposal fails to illuminate the extent to which, according to the Government's theory of the case, Ramirez and Santana were involved in the same criminal acts, the Court is not yet in a position to weigh the efficiencies of a joint trial against the potential risk of undue spillover prejudice.

**III.   Motions to File Additional Motions and to Join in Motions Filed by Co-Defendants**

The Court also declines, at this stage, to address Ramirez's motions concerning prospective future filings. Ramirez has yet to articulate any immediate basis for this request.

**IV.   Motion to Disclose Grand Jury Minutes**

The Court, however, need not wait to rule on Ramirez's motion for the Government to disclose grand jury minutes: no such disclosure is warranted here. Ramirez's justification for this request appears to be speculation that after indicting Ramirez for, alongside Santana, shooting

3

Beltre and aiding and abetting "the same," the Government now intends to proceed with the theory that Ramirez merely aided and abetted the shooting. (Def. Mem. at 13.)

But even if true, this would not constitute a license to peer behind the Indictment. "[A]n Indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). Further, an indictment that is "valid on its face is not subject to challenge on the ground that the grand jury acted based on inadequate or incompetent evidence." *United States v. Ralston*, No. 19-CR-774 (JMF), 2021 WL 5054464, at *1 (S.D.N.Y. Nov. 1, 2021). Accordingly, "given the interests in grand jury secrecy, a review of grand jury minutes—even in camera—is rarely permitted without specific factual allegations of government misconduct." *Id.* (cleaned up). The Indictment in this matter—which charges Ramirez as both a principal and an aider and abettor in the shooting—easily satisfies these standards, irrespective of the Government's ultimate trial strategies. Thus, because Ramirez fails to clear the exceedingly high bar for a review of grand jury minutes, the motion is denied.

### V.     Motion for Disclosure of Rule 404 and Other Prior Act Evidence

The Court turns last to Ramirez's request for an order compelling production of Rule 404 and related evidence. To the extent Ramirez seeks the immediate disclosure of prior act evidence the Government intends to offer into evidence pursuant to Rule 404(b) of the Federal Rules of Evidence, his motion is denied as premature. The Government has expressed that, should it identify any such evidence to be introduced at trial, it will disclose it prior to trial. There is no cause to order disclosure at this time and, in any event, the Government has represented that it currently has nothing to disclose on this front.

4

Similarly, because such matters can be resolved in the ordinary course, through motions *in limine*, the Court denies Ramirez's requests to compel the Government to proactively "set forth the proposed reasons for the admissibility of such evidence." (Def. Mem. at 11.)

Dated: New York, New York
March 22, 2022

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge