# *KIRTON LAW FIRM*
_____

*Marlon G. Kirton, Esq.*

_____

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

March 28, 2024

VIA ELECTRONIC FILING

Hon. Jesse M. Furman
United States District Court
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *US v. Santana et al.*, 20 cr. 00022 (PAC) (JMF)

> Application GRANTED in part and DENIED in part. Counsel's letters refer more to the subject matter of the communications than to the substance of them. That said, out of an abundance of caution, the Court will protect the descriptions of the subject matter of the communications. But that does not justify sealing the letters in their entirety. Instead, the Court will file the letters under seal and file publicly versions of the letters with the relevant information redacted. The Clerk of Court is directed to terminate Docket No. 192.
>
> SO ORDERED.   March 29, 2024

Dear Judge Furman:

I represent Carlos Ramirez in the above-referenced matter. I write to request that the recent ex parte defense filing remains under seal.

## BACKGROUND

On June 26, 2023, Judge Crotty appointed me to represent Carlos Ramirez, pursuant to the Criminal Justice Act (CJA). The case was transferred to this Court on February 28, 2024. Jury selection commences on September 10, 2024.

This Court requires notice of any potential conflicts of interest.[1] I notified this Court, on March 25, 2024, of a potential conflict of interest. In the letter, I referenced privileged communication between myself and an attorney and between Mr. Ramirez and me. This Court ordered me to file that letter and the attachment publicly by March 28, 2024, unless the Court rules otherwise upon proper motion.[2]

## ARGUMENT

I request that my March 25, 2024, letter remain under seal as it contains privileged communication. A common law right of public access to judicial documents is firmly rooted in

---

[1] Individual Rules and Practices In Criminal Cases 4(B).
[2] US PACER Dkt Entry #190.

our nation's history.[3] The presumption of access is based on the need for courts to have a measure of accountability and for the public to have confidence in the administration of justice.[4] First, the trial court determines whether or not the record at issue is a "judicial document" defined as a document to which the presumption of public access attaches.[5] Second if the document is determined to be a judicial document, the trial court determines the weight of the presumption of access to that document.[6] Third, the trial court must identify all the factors that legitimately counsel against the disclosure of the document versus the factors that require the presumption of access.[7]

In the case at bar, the March 25th letter is a judicial document because it is relevant to the performance of a judicial function and useful in a judicial process.[8] This Court's rules require notice of potential conflicts of interest. This Court may remove me as Lead Counsel if it finds a conflict of interest between myself and Mr. Ramirez. Second, the public's right of access does not require it to have details of communication between myself and an outside attorney nor of communication between myself and Mr. Ramirez. Both items are spelled out in great detail in the March 25th letter. This Court may conduct the necessary inquires under circumstances that are not public. Third, in *Lugosch,* one of the parties claimed that the judicial document contained information subject to the attorney-client privilege. The Circuit remanded the issue back to the trial court to determine 1. Whether the documents were subjected to privilege and 2 whether or not the defendant waived the privilege.[9] On remand, the trial court denied the motion to unseal.[10] Defense asks for a similar ruling after findings of fact.

## CONCLUSION

The Defense requests that the March 25th letter and attachment remain under seal and for any other Order deemed necessary.

Sincerely,

*Marlon Kirton*
Marlon G. Kirton, Esq.

cc: All Parties (via electronic mail)

---

[3] *Stafford v. IBM,* 78 F.4th 62,69 (2nd Cir. 2023); *Lugosch v. Pyramid Co. of Onondaga,* 435 F3d 110,119 (2nd Cir. 2006)
[4] *Id, citing, United States v. Amodeo (Amodeo I)*, 71 F3d 1044,1048 (2nd Cir. 1995).
[5] *Stafford* at 69-70.
[6] *Stafford* at 70.
[7] *Id.*
[8] *See, Stafford* at 70.
[9] *Lugosch* at 125.
[10] Lugosch, Dkt No. 05-3620 (NDNY).