UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                                         :

UNITED STATES OF AMERICA,              :

        -v-                                               :          20-CR-22-3 (JMF)

CARLOS RAMIREZ,                      :          MEMORANDUM OPINION
                                                                    :                AND ORDER
                        Defendant.         :

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Carlos Ramirez is charged in this case — which has been pending for almost five years (and was reassigned to the undersigned earlier this year) — with one count of racketeering conspiracy and two counts relating to the alleged murder of Michael Beltre on October 23, 2013. *See* ECF No. 200 ("S1 Indictment"). Trial is scheduled to begin on September 9, 2024. *See* ECF No. 201. On August 23, 2024, Ramirez filed a motion, styled as a motion *in limine*, seeking, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, a pretrial deposition of an unnamed witness who was previously deported from the United States. *See* ECF No. 229 ("Motion"). According to Ramirez, the witness would testify that the alleged murder of Jordanny Correa on November 2, 2014 — which is charged in the Superseding Indictment as a racketeering act, *see* S1 Indictment ¶ 13 — "was not gang-related but related to a personal dispute between Carlos Ramirez and others." Motion 2. In the alternative, Ramirez seeks leave to for the witness to testify at trial remotely "via closed-circuit television (CCTV)." *Id.* at 1.

      Upon review of the parties' motion papers, the motion is denied substantially for the reasons set forth in the Government's response. *See* ECF No. 237 ("Gov't Opp'n"). First, the motion for a pretrial deposition is patently untimely. The Second Circuit has long held that "[i]t is within the

discretion of the trial court to deny [a Rule 15 motion for a pretrial deposition] if it is made after unexcused delay, or on the eve of trial." *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962) (Marshall, J.) (cleaned up); *see, e.g.*, *United States v. Chusid*, No. 00-CR-263 (LAK), 2000 WL 1449873, at *1 (S.D.N.Y. Sept. 27, 2000) ("Motions to conduct depositions in criminal cases must be made promptly and certainly are denied properly where the depositions sought would delay the trial."); *see also, e.g.*, *United States v. Abu Ghayth*, 17 F. Supp. 3d 289, 300 & nn.99-101 (S.D.N.Y. 2014) (citing authorities). Ramirez has been on notice for years that the Government intended to prove the Correa murder as a racketeering act, *see* Gov't Opp'n 4, yet he waited until three weeks before trial to make this motion and provided no "explanation for the delay," *Chusid*, 2000 WL 1449873, at *1. Granting the motion at this point would almost certainly delay the trial and, at a minimum, "would deprive the government" of much of its valuable remaining time for "trial preparation" as it would need to attend the deposition in the Dominican Republic. *Id.* Accordingly, the motion is denied on that basis alone. *See United States v. Vargas*, 279 F. App'x 56, 61 (2d Cir. 2008) (summary order) (affirming the denial of a Rule 15 motion as untimely where it "came a year after discovery commenced and approximately three weeks before the scheduled start of the trial").

Second, and in any event, the motion also fails on the merits. To warrant either form of relief that Ramirez seeks, he "must show that there are exceptional circumstances and that such a course would be in the interest of justice." *Abu Ghayth*, 17 F. Supp. 3d at 299 (citing Fed. R. Crim. P. 15(a)(1)); *see id.* (observing that "the standard governing the alternative requests to take live testimony by CCTV or a deposition" are "identical"). To do that, he "must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Epskamp*, No. 12-CR-120

(RJS), 2013 WL 12175097, at *1 (S.D.N.Y. Oct. 3, 2013) (quoting *United States v. Spencer*, 362 F. App'x 163, 164 (2d Cir. 2010) (summary order)). He also "has the burden of demonstrating the availability of the proposed witnesses and their willingness to appear." *Whiting*, 308 F.2d at 541.[1]

Here, Ramirez fails to establish that the witness — who is beyond the subpoena power of the Court — would be willing to appear for a deposition (or to testify via CCTV), let alone that the witness would answer questions about the Correa murder since, as the Government represents, his answers might well incriminate him. *See* Gov't Opp'n 5-6; *see also Chusid*, 2000 WL 1449873, at *2 (denying a Rule 15 motion in part because "there is no reason to suppose that [the witnesses] would voluntarily appear at the United States Embassy in Bulgaria to submit to depositions"). And even if that were not fatal to his motion, Ramirez fails to establish that the proffered testimony would "be admissible" — and thus material. *Abu Ghayth*, 17 F. Supp. 3d at 299 & n.98 (citing cases). *But see United States v. Salim*, 855 F.2d 944, 952 (2d Cir. 1988) (opining that deferring a decision on admissibility until after the deposition "comports with both the purpose and language of Rule 15, which concentrates first on preservation of testimony and only thereafter focuses on admissibility"). He proffers that the witness would testify that the Correa murder "was not gang-related but related to a personal dispute between Carlos Ramirez and others," Motion 2, but he fails to explain how the witness could do so except through hearsay statements made by Ramirez himself

---

[1]   As the Government acknowledges, at least one Judge in this District (since elevated to the Court of Appeals) has held that "whether or not a witness would be willing to testify at the deposition is irrelevant in deciding a Rule 15 motion," *Epskamp*, 2013 WL 12175097, at *1 (citing *United States v. Vilar*, 568 F. Supp. 2d 429, 439 (S.D.N.Y. 2008)), on the ground that "[n]either the text of Rule 15 nor binding case law concerning the Rule provide any basis to" support such a requirement, *Vilar*, 568 F. Supp. 2d at 439. *See* Gov't Opp'n 2 n.2. But *Whiting* appears to remain good law for that point and, thus, constitutes "binding case law."

3

or impermissible speculation about Ramirez's state of mind. This "vague and indefinite" proffer is insufficient to satisfy his burden of proving materiality. *Whiting*, 308 F.2d at 541.

In short, Ramirez's motion is untimely, and he fails to show that the requested pretrial deposition or live testimony via CCTV would be justified by either "exceptional circumstances" or "the interest of justice." Fed. R. Crim. P. 15(a). Accordingly, his motion *in limine* is DENIED.

The Clerk of Court is directed to terminate ECF No. 229.

SO ORDERED.

Dated: August 30, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge