UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                           :

UNITED STATES OF AMERICA,                       :

                                                                                                           :       S1 20-CR-22-3 (JMF)

             -v-                                    :

                                                                                                           :       <u>ORDER</u>

CARLOS RAMIREZ,                                :

                           Defendant.              :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached is a final version of the juror questionnaire that the Court used during oral voir dire on September 9, 2024 and September 10, 2024.

      SO ORDERED.

Dated: September 10, 2024
       New York, New York

                                                    JESSE M. FURMAN
                                                   United States District Judge

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                    -v-                                           :   S1 20-CR-22-3 (JMF)
                                                                  :
CARLOS RAMIREZ,                                                   :   VOIR DIRE
                                                                  :
                         Defendant.                               :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:


**PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question. If your answer to a question is "**no**," you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which your answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

A.  <u>General Questions</u>

1. As I noted, this trial is expected to last up to three weeks. Do you have any unmovable commitments or extraordinary personal hardship that would interfere with your serving as a juror at a trial that is expected to end, at the latest, by Friday, September 27, 2024?

2. Do you have any difficulty understanding or reading English?

3. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

4. As I mentioned, at the end of the trial, I will give you thorough instructions on the applicable law, including what the Government must prove beyond a reasonable doubt for you to find the defendant guilty of the crimes with which he is charged. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

5. In our criminal justice system, the defendant is presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves his guilt beyond a reasonable doubt. Would you have any trouble following my instructions on these points?

6. Because the burden rests with the Government at all times, the defendant has no obligation to offer evidence or to testify in his own defense. If the defendant chooses not to testify, as is his absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

7. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

8. Have you, or has any close friend or relative, ever studied or practiced law or worked in any capacity for a law office or a court?

1

9. Have you, or has any close friend or relative, ever worked for any law enforcement agency, including the United States Attorney's Office for the Southern District of New York, the Bronx County District Attorney's Office, the New York City Police Department ("NYPD"), the Drug Enforcement Administration ("DEA"), Customs and Border Patrol, the United States Marshals Service, the Federal Bureau of Prisons, the New York City Department of Correction, or any other such agency?

10. Do you have any bias or prejudice for or against the United States Attorney's Office or any other law enforcement agency?

11. Have you, or has any close friend or relative, either as an individual or in the course of business, ever been involved in any legal action or dispute with the United States or any of its offices, departments, agencies, or employees, or had any interest in any such legal action or dispute or its outcome?

12. Have you, or has any close friend or relative, ever worked for a criminal defense attorney or private investigator?

13. Do you have any bias or prejudice for or against criminal defense attorneys?

14. Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race, national origin, or gender, that may inhibit your ability to be a fair and impartial juror in this case?

B. Case-Specific Questions

15. Do you have any personal knowledge of this case, or have you heard or read anything about the charges or people involved as I have described them?

16. Do you have any knowledge of the defendant Mr. Ramirez, whether from personal experience, media, or any other source?

17. The government witnesses in this case may include law enforcement officers and other government employees. Would you have any difficulty assessing the credibility of such a witness just like you would any other witness?

18. You may hear testimony in this case from cooperating witnesses, that is, witnesses who previously participated in criminal activity and are testifying pursuant to agreements with the Government. Such cooperating witnesses hope to receive a lower sentence because of their cooperation. The use of cooperating witnesses is lawful and permitted, but such testimony should be scrutinized carefully. Do you have any feelings, beliefs, or experiences regarding the Government's use of cooperating witnesses that would influence your ability to evaluate this testimony fairly and impartially?

19. You may hear testimony in this case from witnesses who are testifying under a grant of immunity — that is, witnesses whose statements cannot be used against them in any criminal case except in limited circumstances. The use of immunized witnesses is lawful and permitted. Do you have any feelings, beliefs, or experiences regarding the Government's use of immunized witnesses that would influence your ability to evaluate this testimony fairly and impartially?

20. This trial may include evidence obtained through searches by law enforcement officers. I instruct you that any evidence of this kind — indeed any evidence that is presented at trial — was lawfully obtained. Do you have any feelings or opinions about the use of any of this kind of evidence that could make it difficult for you to evaluate the evidence fairly and impartially?

21. You may hear evidence that other individuals, in addition to the defendant, were involved in the alleged crimes. Those other individuals are not on trial here, and you may not draw any inference, favorable or unfavorable towards the Government or the Defendant, from that fact. You may also not speculate as to the reason why other persons are not on trial in this case. Do you have any concern that you could not follow this instruction?

22. The Government is not required to use any particular investigative technique when uncovering evidence of, or prosecuting, a crime. Would you have any trouble following my instructions on that score?

23. Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

24. As I mentioned earlier, you may hear evidence in this case relating to acts of violence, including murders, robberies, and firearms. You may hear evidence relating to the distribution of controlled substances, in particular marijuana and cocaine. You may also hear evidence relating to identity theft, as well as mail and wire fraud. Do you have any feelings, beliefs, or experiences relating to any of these aspects of the case, for example, relating to the enforcement of gun laws or drug laws, that would affect your ability to be fair and impartial in this case?

25. You may also hear evidence relating to criminal enterprises or gangs. Do you have any feelings, beliefs, or experiences relating to gangs or criminal enterprises, in your neighborhood or otherwise, that would affect your ability to be fair and impartial in this case?

26. You may hear testimony that members of the Sunset Trinitarios used symbols and terms associated with death and "Lucifer," the name of the devil, as part of the iconography for the gang. Do you have any feelings, beliefs, or experiences related to these topics that would influence your ability to evaluate this testimony fairly and impartially?

27. The Defendant in this case is Hispanic (or Latino) and is from the Dominican Republic. Is there anything about those facts that may affect your ability to be a fair and impartial juror in this case?

28. The Defendant and many of the witnesses are entirely or primarily Spanish-speaking and will be assisted by Spanish-language interpreters. Is there anything about that fact that may affect your ability to be a fair and impartial juror in this case?

29. Do you have any reason to believe that anything in your life experience will make you partial to one side or the other in this case?

30. Do you think that you could not sit fairly and impartially as a juror in a case involving charges like those in this case — that is, involving alleged murder and drug dealing committed by a criminal enterprise or gang?

4

C. Knowledge of Parties, Lawyers, and Witnesses

31. The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Damian Williams. Appearing on his behalf in this case will be Assistant United States Attorneys Thomas John Wright, Brandon D. Harper, and Timothy Ly. They will be assisted by William Coleman and Kiersten Luger, paralegal specialists in the United States Attorney's Office. Do you know, or have you had any dealings, directly or indirectly, with any of these people or any other member of the United States Attorney's Office for this District?

32. The Assistant United States Attorneys will also be assisted in this case by Jose Sandobal, a Task Force Officer of the Drug Enforcement Administration ("DEA"). Have you, or has anyone close to you, had any dealings, either directly or indirectly, with either Officer Sandobal or with any member of the DEA?

33. As I mentioned, the Defendant in this case is Carlos Ramirez. Mr. Ramirez is represented by Marlon Kirton of the law firm Kirton Law Firm, and Alain Massena of the Law Office of Alain V. Massena. They will be assisted by Rafael Rodriguez, Regina Tabon, Hal Sherman, Bernard Johnson, Steven Reyes, and Asya Kirton. Do you know, or have you had any dealings, directly or indirectly, with any of these people; the law firms of Kirton Law Firm or the Law Office of Alain V. Massena.; or anyone else at those firms?

34. Do you know or have you heard of any of the following people who may testify or whose names may be mentioned during the course of the trial?

a) Eloina Arellano
b) Antonio Batista
c) Michael Beltre, a/k/a "Sofoke"
d) Hector Bueno, a/k/a "Kasike," a/k/a/ "Cojo"
e) Elizabeth Caruso
f) Adrian Castro
g) Jordanny Correa
h) Angel Crispin, a/k/a "Secreto"
i) Wilmara Delacruz
j) Josue Garcia
k) Miguel Genao, a/k/a "Sombra"
l) Iris Lappost
m) Jose Marichal, a/k/a "Meno," a/k/a "Menol"
n) Darinso Marte, a/k/a "Cibao"
o) Juanny Peralta
p) Yoraydison Ramirez, a/k/a "Fuego"
q) Karina Ramirez-Perez
r) Jonathan Perez
s) Sabiel Sampol, a/k/a "Flaco Loco"
t) Ediberto Santana, a/k/a "Flaco Veneno"
u) Ray Santos
v) Danambel Torres Perez
w) Eniel Vasquez, a/k/a "Dominican Flow"

  x) Retired NYPD Detective Nick Bavas
  y) Retired NYPD Detective Wendy Enos
  z) Retired NYPD Detective James Gierak
  aa) NYPD Detective Christopher Malone
  bb) Retired NYPD Patrol Officer Stephen Urbanowicz
  cc) BOP Corrections Officer Bruce Swiney
  dd) BOP Lieutenant Patrice Marshall
  ee) SDNY Analyst Koren Augustin
  ff) SDNY Analyst Hannah Lauth
  gg) Former SDNY Paralegal William Magliocco

35. Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

36. Some of the evidence in this case may concern events that took place at or around the following locations:

  a) Sunset Park, Brooklyn, New York
  b) St. James Park, Bronx, New York
  c) Devoe Park, Bronx, New York
  d) McDonald's Restaurant, 2630 Jerome Avenue, Bronx, New York
  e) 2316 North Loring Place, Bronx, New York
  f) 2805 Claflin Avenue, Bronx, New York
  g) 1871 Loring Place South, Bronx, New York
  h) 1900 Hennessy Place, Bronx, New York
  i) 2646 Grand Concourse, Bronx, New York
  j) 1983 Jerome Avenue, Bronx, New York
  k) Rikers Island, East Elmhurst, New York
  l) Metropolitan Detention Center, Brooklyn, New York

Do you have familiarity with any of these places that would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court?  (Note that you should not answer yes merely because you are familiar with one of the listed places.  You should answer yes only if you are familiar with a place and it would interfere with your ability to be fair and impartial in this case and to decide the case based only on the evidence presented in court.)

D.   Experience with, and Opinions of, Crime and Legal Proceedings

37.   If you or any close friend or relative has ever brought a lawsuit against anyone or been sued, would that experience affect your ability to be fair and impartial in this case?

38.   Have you, or has any close friend or relative, ever been involved, been questioned, or appeared as a witness, in any trial or any investigation, including any investigation by a federal or state grand jury or a law enforcement agency?

39.   Have you, or has any close friend or relative, ever been the victim of a crime (other than one you have mentioned in connection with a previous question)?

40.   Have you, or has any of close friend or relative, ever been employed by or volunteered with any victim assistance organization or neighborhood watch group?

41.   Have you, or has any member of your immediate family, ever been arrested or incarcerated?

E.   Difficulties in Understanding or Serving

42.   Do you have any problem with your hearing or vision or any physical or medical issues (including any medication you may be taking) that would prevent you from giving your full attention to all of the evidence presented during this trial?

43.   As I noted, I expect that this trial will involve testimony in Spanish.  Do you understand Spanish?  (If so, will you have any difficulty following my instruction that you must accept as accurate the translation that will be provided to you of any testimony given in a foreign language?)

44.   I remind you that the death penalty is not implicated in this case.  The question of punishment is for me alone to decide and the possible punishment must not enter into your deliberations as to whether the Defendant is guilty or not guilty.  Would you have any trouble following that instruction if you were selected to serve as a juror?

45. From now and until your jury service is complete, you must avoid any discussion of this case, whether in the media, on social media, on the Internet, or elsewhere. That is, you are forbidden from consuming any news media or social media or any discussion of this case (or of anyone participating in the case) outside of the courtroom whatsoever. You also must not discuss this case with anyone. This includes your family, friends, spouse, domestic partner, colleagues, and co-workers. These instructions apply from now and until you are either dismissed from jury selection or chosen as a juror and the trial is complete. Do you have any reservations or concerns about your ability or willingness to follow these instructions?

46. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror in this case. Apart from any prior question I have asked you, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?

**QUESTIONS FOR INDIVIDUAL JURORS**

1. Please state your name.

2. In which county or counties have you lived during the past five years?

3. How old are you?

4. How far did you go in school?

5. What do you do? (If retired or unemployed, describe your last employment.)

6. How long have you been employed in your current position? (If fewer than five years, where else did you work in the last five years?)

7. Do you live with anyone and, if so, what do they do?

8. Do you have grown children and, if so, what do they do?

9. Where do you typically get your news? For example, what phone apps, television shows, print newspapers, magazines, radio shows, podcasts, or internet news site(s) do you use, read, watch, or listen to on a regular basis?

10. Do you watch any shows dealing with the criminal justice system, such as investigative news programs like Dateline, 48 Hours, or 20/20, or police drama shows like Law & Order or CSI?

11. Do you belong, or volunteer your time, to any associations, organizations, clubs, or unions?

12. What do you like to do in your spare time?

13. Have you ever served as a juror? If so, when did you serve and were you on a grand jury or a regular jury? If a regular jury, was it a civil or criminal case? Did you reach a verdict? (**Do not tell us what the verdict was**.)