UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                             :

UNITED STATES OF AMERICA,                 :

                                           :

            -v-                       :                    20-CR-22-3 (JMF)

                                           :

CARLOS RAMIREZ,                         :                     <u>ORDER</u>

                                           :

                         Defendant.        :

                                             :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Attached to this Order are the following:

- Court Exhibit 1, which is the draft jury charge that was considered at the charge

  conference held on September 19, 2024; and

- Court Exhibit 2, which is the final jury charge that was delivered to the jury earlier today.

        SO ORDERED.

Dated: September 20, 2024
      New York, New York

                                                _____
                                                  JESSE M. FURMAN
                                             United States District Judge

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                                      :

UNITED STATES OF AMERICA,             :

     -v-                                   :

CARLOS RAMIREZ,                     :

                           Defendant.     :

                                                        :

-----------------------------------------------------------------------X

                                              S1 20-CR-22-3 (JMF)

**JURY CHARGE**

September 19, 2024

**Table of Contents**

I. GENERAL INTRODUCTORY CHARGES ................................................................. 1

    Role of the Court and the Jury .......................................................................... 2

    The Parties ......................................................................................................... 2

    Conduct of Counsel ........................................................................................... 2

    Presumption of Innocence and Burden of Proof ............................................... 3

    Proof Beyond a Reasonable Doubt .................................................................... 3

    Direct and Circumstantial Evidence .................................................................. 4

    What Is and What Is Not Evidence .................................................................... 5

    Stipulations ........................................................................................................ 7

    Charts and Summaries ....................................................................................... 7

    Limited Purpose Evidence ................................................................................. 7

    Evidence Obtained Through Subpoenas and Search Warrants ........................... 7

    Recordings and Transcripts ............................................................................... 8

    Redactions ......................................................................................................... 9

    Credibility of Witnesses .................................................................................... 9

    Accomplice or Cooperator Testimony ............................................................. 10

    Immunized Witnesses ...................................................................................... 13

    Law Enforcement and Government Witnesses ................................................ 14

    The Defendant's Custody Status and Prior Conviction ................................... 14

    Uncalled Witnesses ......................................................................................... 15

    Number of Witnesses and Uncontradicted Testimony ..................................... 15

    Particular Investigative Techniques ................................................................. 15

    All Available Evidence Need Not Be Introduced ............................................. 16

    Preparation of Witnesses ................................................................................. 16

    Persons Not on Trial ........................................................................................ 17

    The Defendant's Testimony ............................................................................. 17

II. SUBSTANTIVE CHARGES ............................................................................................ 18

    The Indictment ............................................................................................................... 18

    Aiding and Abetting Liability ........................................................................................ 19

    Count One (Racketeering Conspiracy): Elements ......................................................... 22

    Count One — First Element: Existence of the Conspiracy ........................................... 23

    Count One — Second Element: Effect on Interstate Commerce ................................... 25

    Count One — Third Element: Membership in the Conspiracy ...................................... 26

    Count One — Fourth Element: Agreement to Commit Predicate Acts .......................... 29

    Difference Between "Enterprise" and "Pattern of Racketeering Activity" ..................... 32

    Racketeering Predicates ................................................................................................. 32

        1.   Racketeering Predicate: Murder, Attempted Murder, and Conspiracy to Commit Murder in Violation of New York Law ..................................................... 33

        2.   Racketeering Predicate: Robbery, Attempted Robbery, and Conspiracy to Commit Robbery in Violation of New York Law ........................................... 37

        3.   Racketeering Predicate: Mail and Wire Fraud in Violation of Federal Law ................. 38

        4.   Racketeering Predicate: Distribution or Possession with Intent to Distribute of Controlled Substances and Conspiracy to Do the Same in Violation of Federal Law .. 42

    Multiple Conspiracies .................................................................................................... 45

    Count Two (Murder in Aid of Racketeering): Elements ................................................ 47

    Count Two — First Element: Existence of the Enterprise ............................................. 48

    Count Two — Second Element: Murder in Violation of New York Law ........................ 48

    Count Two — Third Element: Purpose of Gaining Entrance to, or Maintaining or Increasing Position, in the Enterprise ............................................................................. 49

    Count Three (Murder Through the Use of a Firearm): Elements ................................... 49

    Count Three — First Element: Use, Carry, or Possess a Firearm .................................. 50

    Count Three — Second Element: During and in Relation to a Crime of Violence ......... 51

    Count Three — Third Element: Causing Death .............................................................. 52

    Count Three — Fourth Element: Death Qualifies as a Murder Under Federal Law ........ 53

    Count Three — Fifth Element: Knowingly ..................................................................... 53

    Venue ............................................................................................................................. 54

Timing of the Offenses ........................................................................... 55

III. CONCLUDING INSTRUCTIONS ............................................................. 55

Selection of the Foreperson ...................................................................... 55

Right to See Exhibits and Hear Testimony ............................................... 56

Juror Note-Taking ..................................................................................... 56

Bias, Prejudice, and Sympathy ................................................................. 57

Duty to Deliberate .................................................................................... 58

Return of the Verdict ................................................................................ 59

Closing Comments .................................................................................... 60

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments. It is my duty at this point to instruct you as to the law. I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points. Please limit yourself to following along; that is, do *not* read ahead in the instructions. If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow. But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. You should not single out any instruction as alone stating the law. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

1

1    Role of the Court and the Jury

2        You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

3    and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

4    is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

5    If either party has stated a legal principle differently from any that I state to you in my instructions, it is

6    my instructions that you must follow.

7

8    The Parties

9        In reaching your verdict, you must remember that all parties stand equal before a jury in the

10   courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

11   name of the United States does not entitle the Government or its witnesses to any greater consideration

12   than that accorded to any other party.  By the same token, you must give it no less deference.  The

13   Government and the defendant, Carlos Ramirez, stand on equal footing before you.

14       It would be improper for you to consider, in reaching your decision as to whether the

15   Government sustained its burden of proof, any personal feelings you may have about the defendant's

16   race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

17   innocence and the Government has the same burden of proof with respect to all persons.

18

19   Conduct of Counsel

20       The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

21   of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

22   disapproved of their behavior, those opinions should not enter into your deliberations.

1    In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    <u>Presumption of Innocence and Burden of Proof</u>

10    The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11    guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12    shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13    case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

14    Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

15    presumption of innocence was in his favor when the trial began, continued in his favor throughout the

16    entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

17    crime during the course of your deliberations in the jury room, unless and until you determine that the

18    Government proves beyond a reasonable doubt that he committed each charged crime.

19

20    <u>Proof Beyond a Reasonable Doubt</u>

21    The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

22    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

23    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

3

1    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

2    whim.  It is not speculation or suspicion.

3          Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

4    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

5    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

6    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

7          If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

8    that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

9    defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

10    person to hesitate in acting in matters of importance in his or her own affairs — then you have a

11    reasonable doubt, and in that circumstance it is your duty to acquit.

12          On the other hand, if, after a fair and impartial consideration of all the evidence, you can

13    candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

14    prudent person would be willing to act upon in important matters in the personal affairs of his or her

15    own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

16

17    <u>Direct and Circumstantial Evidence</u>

18          There are two types of evidence that you may properly use in deciding whether the defendant is

19    guilty or not guilty of the crimes with which he is charged.

20          One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

21    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

22    observed through the five senses.  The second type of evidence is circumstantial evidence.

23    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

4

1       There is a simple example of circumstantial evidence that is often used in this courthouse.

2   Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

3   outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

4   further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

5   then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

6       Now, because you could not look outside the courtroom and you could not see whether it was

7   raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

8   asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

9       That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

10  and common sense from one established fact the existence or the nonexistence of some other fact.

11      The matter of drawing inferences from facts in evidence is not a matter of guesswork or

12  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

13  facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

14      Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

15  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

16  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

17  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

18  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

19  the case.

20

21  <u>What Is and What Is Not Evidence</u>

22      What, then, is the evidence in the case?

5

1    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

2    into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

3    For example, the questions posed to a witness are not evidence; it is the witnesses' answers that

4    are evidence, not the questions.  I remind you that even if you understand Spanish, you may not rely on

5    any testimony that was given in Spanish; the English translation of any testimony that was given in

6    Spanish is the evidence that you may consider during your deliberations.  In addition, materials brought

7    forth only to refresh a witness's recollection are not evidence.  Moreover, testimony that has been

8    stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

9    Arguments by the advocates are also not evidence.  What you heard during the opening

10   statements and summations is merely intended to help you understand the evidence and reach your

11   verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

12   recollection.  If a lawyer made a statement during his or her opening or summation and you find that

13   there is no evidence to support the statement, you should disregard the statement.

14   Further, any statements that I may have made during the trial or during these instructions do not

15   constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

16   to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

17   questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

18   evidence and to bring out something that I thought might be unclear.  You should draw no inference or

19   conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

20   reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

21   these instructions are no indication of my views of what your decision should be.  Nor should you infer

22   that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

23   you should decide any issue that is before you.  That is entirely your role.

6

1    Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

2    Whether you approve or disapprove of how any evidence was obtained should not enter into your

3    deliberations.

4

5    Stipulations

6    Stipulations were entered into relating to various facts in this case. A stipulation is an agreement

7    between parties as to what certain facts were or what the testimony would be if certain people testified

8    before you. The stipulation is the same for your purposes as the presentation of live testimony. You

9    should consider the weight to be given such evidence just as you would any other evidence.

10

11   Charts and Summaries

12   The Government presented exhibits in the form of charts and summaries. As I mentioned to you

13   earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

14   documents that they represent in order to save time and avoid unnecessary inconvenience. You should

15   consider the charts and summaries as you would any other evidence.

16

17   Limited Purpose Evidence

18   If certain testimony or evidence was received for a limited purpose, you must follow the limiting

19   instructions I have given.

20

21   Evidence Obtained Through Subpoenas and Search Warrants

22   You have heard testimony about evidence that was obtained through subpoenas and search

23   warrants. All of this evidence was properly admitted in this case and may be properly considered by

7

1    you.  Indeed, subpoenas and search warrants are entirely appropriate law enforcement actions.  Whether

2    you approve or disapprove of how the evidence was obtained should not enter into your deliberations

3    because I instruct you that the Government's use of the evidence was lawful.  You must, therefore,

4    regardless of your personal opinions, give this evidence full consideration along with all the other

5    evidence in the case in determining whether the Government has proved the defendant's guilt beyond a

6    reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give to this

7    evidence.

8

9    <u>Recordings and Transcripts</u>

10          Audio and video recordings have been admitted into evidence.  The recordings were made in a

11   lawful manner, and no one's rights were violated.  Whether you approve or disapprove of the recording

12   or interception of those conversations may not enter your deliberations.

13          The Government was permitted to give you transcripts containing its interpretation of what can

14   be heard on some of the recordings that were received as evidence.  For any audio recordings in Spanish,

15   the transcripts also contained an English translation.  The Government also gave you English

16   translations of certain exhibits with Spanish writing.

17          I remind you that, for audio recordings in English, the transcripts were given to you only as an

18   aid or guide to assist you in listening to the recordings.  These transcripts are not in and of themselves

19   evidence.  You alone should make your own interpretation of what appears on the recordings based on

20   what you heard.  If you think you heard something differently than what appeared on the transcript, then

21   what you heard is controlling.

22          By contrast, for audio recordings in Spanish, it is the corresponding transcripts that are evidence

23   you may consider during deliberations.  The same is true for any writings in Spanish for which you have

8

1    received an English translation.  I remind you that even if you understand Spanish, you should not rely

2    in any way on any knowledge you may have of the Spanish language that was spoken on the recordings.

3           Remember that the jury is the ultimate fact finder and, as with all the evidence, you may give the

4    transcripts and translations such weight, if any, as you believe they deserve.  If you wish to hear or see

5    any of the recordings again, or see any of the transcripts of those recordings, they will be made available

6    to you during your deliberations.

7

8    Redactions

9           Some of the exhibits admitted into evidence contain redactions of certain information.

10   "Redacted" means that part of the document or recording was taken or blacked out.  There is nothing

11   unusual or improper about such redactions.  You are to concern yourself only with the part of the

12   document that has been admitted into evidence.  You should not consider any possible reason why the

13   other part of it was not admitted into evidence.

14

15   Credibility of Witnesses

16          How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

17   your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

18   same tests here that you use in your everyday life when evaluating statements made by others to you.

19   You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

20   was the witness to the questions asked on direct examination and on cross-examination?

21          If you find that a witness intentionally told a falsehood, that is always a matter of importance you

22   should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

23   untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

9

1    determine whether such inconsistencies are significant or inconsequential, and whether to accept or

2    reject all of the testimony of any witness, or to accept or reject only portions.

3          You are not required to accept testimony even though the testimony is uncontradicted and the

4    witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

5    or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

6    conclude that the testimony is not worthy of belief.

7          In evaluating the credibility of the witnesses, you should take into account any evidence that a

8    witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

9    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

10   interests.  Therefore, if you find that any witness whose testimony may have an interest in the outcome

11   of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony

12   and decide whether to accept it with great care.

13         Keep in mind, though, that it does not automatically follow that testimony given by an interested

14   witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

15   the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

16   common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

17

18   <u>Accomplice or Cooperator Testimony</u>

19         You have heard from a number of witnesses who testified that they were involved in planning

20   and carrying out some of the crimes charged in the Indictment.  You have heard a great deal in counsel's

1  summations about these so-called accomplice or "cooperating" witnesses and whether or not you should

2  believe them.

3        Experience will tell you that the Government sometimes must rely on the testimony of witnesses

4  who admit to participating in the alleged crimes at issue.  The Government must take its witnesses as it

5  finds them and sometimes must use such testimony in a criminal prosecution, because otherwise it

6  would be difficult or impossible to detect and prosecute wrongdoers.  For these very reasons, the law

7  allows the use of testimony from cooperating witnesses.  Indeed, under federal law, the testimony of a

8  cooperating witness may be enough in itself for conviction, if the jury believes that the testimony

9  establishes guilt beyond a reasonable doubt.

10        However, because of the interest a cooperator may have in testifying, you should scrutinize his

11  testimony with special care and caution.  You may consider the fact that a witness is a cooperator as

12  bearing upon his credibility.  Like the testimony of any other witness, accomplice witness testimony

13  should be given such weight as it deserves in light of the facts and circumstances before you, taking into

14  account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his

15  background, and the extent to which his testimony is or is not corroborated by other evidence in the

16  case.  You may consider whether a cooperating witness has an interest in the outcome of the case, and if

17  so, whether that interest has affected his testimony.

18        You heard testimony about agreements between the Government and each of the cooperating

19  witnesses.  I must caution you that it is no concern of yours why the Government made an agreement

20  with a particular witness.  You may, however, consider the effect, if any, that the existence or terms of

21  the agreement have on the witness's credibility.  A witness who hopes to obtain leniency may have a

22  motive to testify as he believes the Government wishes, or he may feel that it is in his interest to

23  incriminate others.  As with any witness, your responsibility is to determine whether any such motive or

11

1    intent has influenced the witness's testimony and whether the witness has told the truth, in whole or in

2    part.

3    　　　　In sum, in evaluating the testimony of a cooperating witness, you should ask yourselves the

4    following questions:  Would the accomplice benefit more by lying or by telling the truth?  Was any part

5    of his testimony potentially made up because he believed or hoped that he would receive favorable

6    treatment from the Government by testifying falsely or as he believed the Government wanted?  Or did

7    he believe that his interests would be best served by testifying truthfully?  If you believe that the witness

8    was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it

9    one that would cause him to tell the truth?  Did this motivation color his testimony?  It does not follow,

10    however, that simply because a person has admitted to participating in one or more crimes, he is

11    incapable of giving a truthful version of what happened.

12    　　　　If you think that the testimony was false, you should reject it.  However, if, after a cautious and

13    careful examination of an accomplice witness's testimony, you are satisfied that the witness told the

14    truth, you may accept his testimony as credible and act upon it accordingly.

15    　　　　As with any witness, let me emphasize that the issue of credibility need not be decided in an all-

16    or-nothing fashion.  If you find that a witness has been untruthful in some respect, you may, but are not

17    required to, reject the witness's testimony in its entirety.  Even if you find that a witness testified falsely

18    in one part, you still may accept his testimony in other parts.  How much of a witness's testimony to

19    accept, if any, is a determination entirely for you, the jury.

20    　　　　Finally, you have heard testimony from witnesses who have pleaded guilty to certain charges

21    arising out of the same facts as this case.  I must emphasize that you may not draw any conclusions or

22    inferences of any kind about the guilt of the defendant on trial from the fact that one or more prosecution

23    witnesses pleaded guilty to similar charges.  The decisions of those witnesses to plead guilty were

12

1  personal decisions those witnesses made about their own guilt.  It may not be used by you in any way as

2  evidence against or unfavorable to the defendant.

3

4  <u>Immunized Witnesses</u>

5      You have heard the testimony of a witness who testified under a grant of immunity from this

6  Court.  What this means is that the testimony of the witness may not be used against the witness in any

7  criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply

8  with the immunity order of this Court.

9      You are instructed that the Government is entitled to call a person who has been granted

10  immunity by order of this Court; you are further instructed that you may convict a defendant on the basis

11  of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a

12  reasonable doubt.

13      However, the testimony of a witness who has been granted immunity should be examined by you

14  with great care.  You should scrutinize it closely to determine whether or not it is colored in such a way

15  as to place guilt upon the defendant in order to further the witness's own interests.  If after a careful

16  examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the

17  witness told the truth, you should accept it as credible and act upon it accordingly.

18      In addition, it does not follow that simply because a person may have participated in criminal

19  conduct, that he or she is incapable of giving truthful testimony.  Further, it is of no concern of yours

20  why a witness received court-ordered immunity. Your sole concern is whether a witness has given

21  truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of

22  credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified

1  falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.

2  That is a determination entirely for you, the jury

3  **Adapted from _United States v. Deligatti_, No. 15 Cr. 491 (KBF) (S.D.N.Y. 2018).**

4

5  Law Enforcement and Government Witnesses

6  You have heard testimony from law enforcement or other government witnesses. The fact that a

7  witness may be employed as a law enforcement official or government employee does not mean that his

8  or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

9  that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the

10  testimony of any law enforcement witness or government witnesses, as it is with every other type of

11  witness, and to give to that testimony the weight you find it deserves.

12

13  The Defendant's Custody Status and Prior Conviction

14  You have heard evidence that the defendant was incarcerated at one point or another. You have

15  also received certain exhibits showing the same. You may not consider the defendant's having been in

16  custody as evidence that he is of bad character or evidence that he had a propensity to commit the crimes

17  charged in the Indictment.

18  Relatedly, the parties stipulated that the defendant was convicted of manslaughter in New York

19  state court for the killing of Jordanny Correa. The fact that the defendant has been convicted of a crime

20  under state law in state court in another case is no bar to a conviction in federal court in this case. I

21  instruct you that any evidence of the defendant's prior conviction was properly admitted and that you

22  may consider it during your deliberations as you would consider any other evidence.

23  **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

14

1

2    <u>Uncalled Witnesses</u>

3        There are people whose names you have heard during the course of the trial but who did not

4    appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

5    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

6    to what they would have testified to had they been called.  Their absence should not affect your

7    judgment in any way.

8        You should, however, remember my instruction that the law does not impose on a defendant in a

9    criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

10   remains at all times with the Government.

11

12   <u>Number of Witnesses and Uncontradicted Testimony</u>

13       I remind you that the defendant is not required to call any witnesses or offer any evidence, since

14   he is presumed to be innocent.  On the other hand, the Government is not required to prove each element

15   of the offense by any particular number of witnesses.  The testimony of a single witness may be enough

16   to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if

17   you believe that the witness has truthfully and accurately related what he or she has told you.  The

18   testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which

19   case you must find the defendant not guilty.

20

21   <u>Particular Investigative Techniques</u>

22       There is no legal requirement that the Government prove its case through any particular means.

23   While you are to carefully consider the evidence and/or lack of evidence adduced by the Government,

1    you are not to speculate as to why the Government used the techniques it did or why it did not use other

2    techniques.  Your concern is to determine whether or not, on the evidence or lack of evidence, the

3    Government has met its burden of proving each element of each charge beyond a reasonable doubt.

4

5    All Available Evidence Need Not Be Introduced

6         The law does not require any party to call as witnesses all persons who may have been present at

7    any time or place involved in the case, or who may appear to have some knowledge of the matter in

8    issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

9    things available to either party during the course of the trial.

10

11    Preparation of Witnesses

12        You have heard evidence during the trial that witnesses have discussed the facts of the case and

13    their testimony with their own lawyers or with Government lawyers before they appeared in court.

14    Although you may consider these facts when you are evaluating a witness's credibility, there is nothing

15    either unusual or inherently improper about a witness meeting with lawyers before testifying so that the

16    witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have

17    the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps

18    conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness

19    without such consultation.

20        As always, the weight you give to the fact or the nature of these issues and what inferences you

21    draw from them are matters completely within your discretion.

1

2    <u>Persons Not on Trial</u>

3    During the course of the trial, you have heard the names of other individuals mentioned in

4  connection with this case. Some of these other individuals have been mentioned in connection with

5  what the Government alleges was illegal activity, including as members of the enterprise known as the

6  Sunset Trinitarios. You may not draw any inference, favorable or unfavorable, toward the Government

7  or the defendant from the fact that any person is not on trial here. Nor may you speculate as to what

8  became of them and why. These matters are wholly outside your concern and have no bearing on your

9  function as jurors in deciding the case before you.

10

11    <u>The Defendant's Testimony</u>

12    Under our Constitution, the defendant in a criminal case never has any duty to testify or come

13  forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable

14  doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the

15  defendant did testify and he was subject to cross-examination like any other witness. You should

16  examine and evaluate the testimony just as you would the testimony of any witness with an interest in

17  the outcome of the case. But I remind you: Because the defendant is presumed innocent and does not

18  have any burden of proof, the fact that he chose to testify does not shift the burden from the Government

19  onto the defendant.

20

## II. SUBSTANTIVE CHARGES

2    That concludes my introductory instructions.  Let me now turn to the charges.

4    The Indictment

5    The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

6    case, the Indictment is simply a charge or accusation.  It is not evidence, and it does not prove or even

7    indicate guilt.  It does not create any presumption or permit any inference that the defendant is guilty.

8    As I have told you many times, the defendant is presumed innocent and has entered a plea of not guilty.

9    It is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.

10    The Indictment contains three charges, or "counts," against the defendant.  Each count accuses

11    the defendant of committing a different crime.  You must, as a matter of law, consider each count, and

12    you must return a separate verdict for each count in which the defendant is charged.  Your verdict on

13    one count should not control your decision as to the other count.

14    Count One charges that, from in or about 2010 to in or about 2024, the defendant participated in

15    a conspiracy to conduct the affairs of a criminal enterprise referred to in the Indictment as the Sunset

16    Trinitarios through a pattern of racketeering crimes in the New York City area.  The Indictment alleges

17    that members and associates of the Sunset Trinitarios engaged in criminal acts — known as "predicates"

18    — including murder, attempted murder, conspiracy to commit murder, robbery, attempted robbery,

19    conspiracy to commit robbery, mail and wire fraud, and distributing or possessing with intent to

20    distribute controlled substances and conspiracy to do the same.

21    Counts Two and Three relate to the murder of Michael Beltre, a/k/a "Sofoke," on or about

22    October 23, 2013.  Count Two charges the defendant with committing, and aiding and abetting or

23    willfully causing, the murder of Mr. Beltre for the purpose of maintaining or increasing his position in

18

1      the Sunset Trinitarios racketeering enterprise.  <u>Count Three</u> charges the defendant with committing, and

2      aiding and abetting or willfully causing, another person to use and carry a gun during and in relation to a

3      crime of violence (namely the murder in aid of racketeering charged in Count Two), resulting in the

4      murder of Mr. Beltre.

5

6      <u>Aiding and Abetting Liability</u>

7          Before I describe each of these charges to you in more detail, I want to instruct you on the

8      concept of aiding and abetting.  I want to do that first because it is relevant to some of the alleged

9      racketeering acts in Count One and to both Count Two and Count Three.

10         Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of

11      liability that permits a person to be guilty of a specified crime if that person, while not himself

12      committing the crime, assisted another person or persons in committing the crime.  In other words, as to

13      the relevant predicate acts and crimes, a person can be guilty if he committed the crime himself or if he

14      aided and abetted the commission of the crime by one or more other people.

15         Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces

16      or procures" the commission of an offense is punishable as a principal.  You should give these words

17      their ordinary meaning.  A person aids or abets a crime if he knowingly does some act for the purpose of

18      aiding or encouraging the commission of that crime, with the intention of causing the crime charged to

19      be committed.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move

20      by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by

21      unscrupulous or indirect means.

22         A person who aids and abets another to commit an offense is just as guilty as if he committed it

23      himself.  As you can see, the first requirement is that the crime charged was actually committed.

1    Obviously, no one can be guilty of aiding and abetting the criminal acts of another if no crime was

2    committed by the other person.  But if a crime was committed, then you may consider whether the

3    defendant or another person aided or abetted the commission of the crime.

4         To aid and abet another in the commission of a crime, it is necessary that a person acted with the

5    same criminal intent necessary for the principal to be guilty, willfully and knowingly associated himself

6    in some way with the crime, and willfully and knowingly sought by some act to help make the crime

7    succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally.

8         The mere presence of a person where a crime is being committed, even coupled with knowledge

9    by the person that a crime is being committed, or the mere acquiescence by that person in the criminal

10   conduct of others, even with guilty knowledge, is insufficient to establish aiding and abetting.

11        The Government must prove that an aider and abettor took some conscious action that furthered

12   the commission of the crime and that he did so with the intent to bring about the crime.  To determine

13   whether a person aided and abetted a crime, ask yourself:

14        • Did he participate in the crime charged as something he wished to bring about?

15        • Did he associate himself with the criminal venture knowingly?

16        • Did he seek by his actions to make the criminal venture succeed?

17   If, but only if, the Government proves beyond a reasonable doubt that the answer to all three questions is

18   "yes," then a person is an aider and abettor, and therefore guilty of the offense.

19        The racketeering acts or predicates charged in Count One, which I will explain soon, are alleged

20   to have included the aiding and abetting of certain crimes under New York state law.  For those

21   predicates, you would apply the New York state standard for aiding and abetting liability.  Luckily, the

22   New York state law is similar to the federal standard, which I just explained to you.  So when I refer to

1    aiding and abetting in connection with any of the three counts, you should refer back to the instruction I

2    just gave you for the definition of aiding and abeting.

3          However, there is an one difference between the New York state and federal standard for aiding

4    and abetting.  Under the federal standard, a person can also be found guilty of a crime if he willfully

5    caused another person to commit the crime.  What does the term "willfully caused" mean?  As I just

6    noted, to do something willfully is to do something voluntarily and intentionally.  To "cause" means to

7    bring something about, to effect something.  So "willfully caused" means that it is not necessary for the

8    person himself to have physically committed the crime to be guilty of that crime.

9          To determine whether a person "willfully caused" the commission of a federal crime, ask

10   yourself these questions:

11          •    Did he intentionally take action that caused someone else to commit an act that would

12               have been a crime if the he himself had committed that act?

13          •    Did he intend that the crime would actually be committed by someone else?

14   If the Government proves beyond a reasonable doubt that the answer to both of these questions is "yes,"

15   then the person willfully caused another to commit the federal crime at issue, and he is therefore guilty

16   of the offense under federal aiding and abetting liability as if he himself had physically committed it.

17   Therefore, when I refer to aiding and abetting under the federal standard, you should also consider

18   whether the person willfully caused the commission of the crime.

19   **Adapted from _United States v. Pabon_, 18 Cr. 319 (SHS) (S.D.N.Y. 2022); _United States v. Berry_, 20**

20   **Cr. 84 (AJN) (2021); _United States v. Mack_, 18 Cr. 834 (PAE) (S.D.N.Y. 2019); _United States v._**

21   **_Lopez-Cabrera_, S5 11 Cr. 1032 (PAE) (S.D.N.Y. 2014).**

22

1    <u>Count One (Racketeering Conspiracy): Elements</u>

2    As noted, Count One charges the defendant with participating in a conspiracy to conduct and

3    participate in the affairs of an enterprise through a pattern of racketeering activity.  The other charges in

4    the Indictment, and indeed most crimes, are straightforward in the sense that they involve particular acts,

5    committed at one moment in time.  But these racketeering crimes do not involve the commission of a

6    single act at a single time.  Instead, these crimes concern a conspiracy to participate in an organization

7    over a period of time by committing a pattern of criminal acts.  Let me explain these charges.

8    Count One alleges a conspiracy to violate the "RICO" statute, which stands for "Racketeering

9    Influenced and Corrupt Organizations."  The statute makes it a crime for a person to participate in the

10   conduct of an enterprise's affairs through a pattern of certain violations of law known as "racketeering

11   acts."  In this case, the defendant is charged with participating in a conspiracy to violate the RICO

12   statute from at least in or about 2010 through and including in or about 2024.

13   In order to convict the defendant of conspiracy to violate the RICO statute, the charge in Count

14   One, the Government must prove beyond a reasonable doubt each of the following four elements:

15   <u>First</u>, that the conspiracy existed — that is, that two or more persons agreed to conduct or

16   participate in the conduct of a racketeering enterprise;

17   <u>Second</u>, that the racketeering enterprise or its activities would have affected, or in fact affected,

18   interstate commerce;

19   <u>Third</u>, that the defendant knowingly and intentionally joined the conspiracy; and

20   <u>Fourth</u>, that the defendant knowingly and intentionally agreed with at least one other person that

21   either he or a co-conspirator would participate in the conduct of the affairs of the enterprise through a

22   pattern of two or more criminal acts, called "racketeering acts."

22

1    It is important to realize that the word "racketeering," as used in the RICO statute, is a purely

2    technical term that is defined specifically for the statute.  You should put out of your mind whatever

3    meaning the term may have for you in ordinary English.  What matters is not whether the defendant

4    seems to you to be a "racketeer" in any ordinary sense of the word.  All that matters is whether the

5    Government has proved beyond a reasonable doubt each of the elements that make up a violation of this

6    statute, as I will define them for you.

7    **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

8

9    Count One — First Element: Existence of the Conspiracy

10    The first element the Government must prove beyond a reasonable doubt with respect to Count

11    One is the existence of a conspiracy that had as its object the illegal purpose charged in the Indictment.

12    A conspiracy is a kind of criminal partnership — a combination or agreement among two or

13    more persons to join together to accomplish some unlawful purpose.  A conspiracy to violate a federal

14    law is a separate and distinct offense from the actual violation of such law, which is the so-called

15    "substantive crime."  A defendant's guilt does not depend on the ultimate success of the conspiracy.

16    The conspiracy itself is a separate crime, even if the conspiracy to commit the underlying substantive

17    crime was not successful.

18    To establish the existence of a conspiracy, the Government is not required to show that two or

19    more people sat around a table and entered into a formal contract or even expressed their agreement

20    orally.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come

21    to a common understanding to violate the law.  Express language or specific words are not required to

22    indicate agreement to or membership in a conspiracy.  If you find beyond a reasonable doubt that two or

1   more persons came to an understanding, express or implied, to violate the law and to accomplish an

2   unlawful plan, then the Government will have sustained its burden of proof as to this element.

3        In determining whether there has been an unlawful agreement, you may consider acts and

4   conduct of the alleged co-conspirators that were done to carry out an apparent criminal purpose.  The

5   adage "actions speak louder than words" is applicable here.  Sometimes the only evidence that is

6   available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the

7   part of the individual conspirators, when taken together and considered as a whole.  Different

8   conspirators may undertake different acts at different times.  However, these acts or conduct may

9   warrant the inference that a conspiracy existed.

10       The "object" of a conspiracy is the illegal purpose that the conspirators agree or hope to achieve.

11   In this case, the object of the conspiracy is to violate the RICO statute, that is, to conduct or participate

12   in the conduct of the affairs of an enterprise whose activities would affect interstate commerce through a

13   pattern of racketeering activity.  Let me define these terms for you.

14       What is an "enterprise"?  Under the racketeering statute, an enterprise means a group of people

15   who have associated together for a common purpose; have an ongoing organization, either formal or

16   informal; and have personnel who function as a continuing unit.  The enterprise does not have to have a

17   particular name or, for that matter, have any name at all.  Nor must it be registered or licensed as an

18   enterprise.  It does not have to be a commonly recognized legal entity, such as a corporation, a trade

19   union, a partnership, or the like.  An enterprise may be a group of people who have informally

20   associated together for a common purpose of engaging in a course of conduct.  This group may be

21   organized for a legitimate and lawful purpose or it may be organized for an unlawful purpose.  Here, the

22   Government alleges that an organization referred to as the Sunset Trinitarios constituted such an

23   enterprise.

1    In addition to having a common purpose, the enterprise must have a core of personnel who

2    function as a continuing unit.  Furthermore, the enterprise must continue to exist in a substantially

3    similar form through the period charged, in this case from 2010 through 2024.  This does not mean that

4    the membership must remain exactly identical.  The members of the organization can change, and

5    participants in its affairs may come and go, but the enterprise must have a recognizable core that

6    continues during a substantial period in the time frame charged in the Indictment.

7    If you find that there was an agreement to conduct or participate in the conduct of a group of

8    people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and

9    (3) personnel who function as a continuing unit, then you may find that a conspiracy to violate the RICO

10   statute existed.

11   **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

12

13   Count One — Second Element: Effect on Interstate Commerce

14   The second element that the Government must prove beyond a reasonable doubt as to Count One

15   is that the criminal enterprise itself, or the racketeering activities of those associated with the enterprise,

16   would have had some effect on interstate commerce, or in fact has such an effect.  This effect on

17   interstate commerce could have occurred in any way and it need only have been minimal.

18   Interstate commerce includes the movement of goods, services, money, and individuals between

19   states.  It is sufficient, for example, that in the course of racketeering activities, members of the

20   enterprise used weapons that had traveled in interstate commerce, traveled interstate themselves, used

21   telephone facilities interstate, or took money from businesses that had an effect on interstate commerce.

22   In addition, I instruct you as a matter of law that all narcotics activity, even purely local narcotics

1    activity, has an effect on interstate commerce.  Thus, if you find that, in the course of the racketeering

2    activities, members of the enterprise trafficked in controlled substances, this element is satisfied.

3         As with the enterprise element, it is not necessary for the Government to prove that any

4    particular act or acts affected interstate commerce or even that acts that the defendant personally

5    committed affected interstate commerce.  It need only prove that some act or acts of the enterprise —

6    even perfectly legal acts of the enterprise —had such an effect.  It is not necessary for you to find that

7    the defendant knew the enterprise was engaged in interstate commerce.

8    **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

9

10   Count One — Third Element: Membership in the Conspiracy

11        The third element that the Government must prove beyond a reasonable doubt as to Count One is

12   that, at some time during the time period charged in the Indictment, in or about 2010 through in or about

13   2024, the defendant was a member of the charged conspiracy.  The Government need not prove that the

14   defendant was a member of the conspiracy for the entire time that the conspiracy existed.

15        You must determine not only whether the defendant participated in the conspiracy, but also

16   whether he did so intentionally and knowingly — that is, whether he participated in the conspiracy with

17   knowledge of its unlawful purpose and with the specific intention of furthering its objective.

18   "Unlawful" simply means contrary to law; a defendant need not have known that he was breaking any

19   particular law, but he must have been aware of the generally unlawful nature of his acts.

20        In that regard, it has been said that in order for a defendant to be deemed a participant in a

21   conspiracy, he must have had a stake in venture or its outcome.  You are instructed that, while proof of a

22   financial interest in the outcome of the scheme is not essential, if you find that the defendant had such an

1    interest, that is a factor that you may properly consider in determining whether or not the defendant was

2    a member of a conspiracy charged in the Indictment.

3            As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you

4    must first find that he knowingly joined the unlawful agreement or plan.  The key question, therefore, is

5    whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the

6    unlawful agreement.

7            It is important for you to note that a defendant's participation in the conspiracy must be

8    established by independent evidence of his own acts or statements, as well as those of the other alleged

9    co-conspirators, and the reasonable inferences that may be drawn from them.  A defendant's knowledge

10    is a matter of inference from facts proved.

11            A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not

12    because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the

13    product of the defendant's conscious objective.

14            If you find that the conspiracy existed and that the defendant participated knowingly and

15    intentionally in it, the extent of the defendant's participation has no bearing on whether or not he is

16    guilty.  The fact that the defendant's participation in a conspiracy may have been more limited than that

17    of a co-conspirator should not affect your verdict.

18            In addition, the duration and extent of the defendant's participation has no bearing on the issue of

19    the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  If the defendant

20    joined the conspiracy at any time in its progress, he is responsible for all that was done before he joined

21    and all that was done during the conspiracy's existence while he was a member.  Each member of a

22    conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others

1    play minor roles in the scheme.  The law does not require equal roles.  In fact, even a single act may be

2    sufficient to draw a defendant within the scope of the conspiracy.

3         Similarly, the Government need not prove that the defendant agreed with every other member of

4    the conspiracy, knew all the other members of the conspiracy, or had full knowledge of all the details of

5    the conspiracy.  However, in proving this element, the Government must prove beyond a reasonable

6    doubt that the defendant was connected to the conspiracy in some meaningful way and that the

7    defendant knew the general nature of the conspiracy and knew that the conspiracy existed beyond his

8    individual role.

9         I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime

10   does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more

11   members of the conspiracy does not automatically make the defendant a member.  A person may know,

12   or be friendly with, a criminal, without being a criminal himself.  Mere knowledge that a crime is being

13   committed is, by itself, not sufficient to constitute membership in a conspiracy.  Likewise, mere

14   similarity of conduct or the fact that they may have assembled together and discussed common aims and

15   interests does not necessarily establish membership in the conspiracy.  What is necessary is that the

16   defendant participated with knowledge of at least some of the purposes and objectives of the conspiracy

17   and with intent to aid in the accomplishment of those unlawful objectives.

18        Ultimately, the question is this: Has the Government proved beyond a reasonable doubt that the

19   defendant joined the conspiracy and knowingly and intentionally participated in it with the awareness of

20   its basic purpose and as something he wished to bring about?

21   **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

22

1    <u>Count One — Fourth Element: Agreement to Commit Predicate Acts</u>

2        The fourth element that the Government must prove beyond a reasonable doubt as to Count One

3    is that the defendant knowingly conspired or agreed to participate in the conduct of the affairs of the

4    enterprise through a pattern of racketeering activity.  The focus of this element is on a defendant's

5    agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity,

6    and not on a defendant's agreement to commit the individual criminal acts.  Additionally, the

7    Government is not required to prove that the defendant agreed to commit two racketeering acts himself

8    or that he actually committed two such acts.  Instead, the Government must prove that the defendant

9    agreed to participate in the enterprise with the intent that he or another member or members of the

10    conspiracy would commit two or more racketeering acts, which I will describe in a few minutes.

11        As I have told you, it is not necessary that a conspiracy actually succeed in its purpose for you to

12    conclude that it existed.  Because the agreement to commit a racketeering offense is the essence of

13    Count One, the Government need only prove that if the conspiracy achieved its objective as

14    contemplated, the enterprise would be established, that its members would participate in conducting the

15    affairs of the enterprise through a pattern of racketeering activity, and that those activities would affect

16    interstate commerce.  Of course, proof that the objective of the conspiracy was accomplished, if you find

17    it was, may be the most persuasive evidence of the existence of the conspiracy.

18        A pattern of racketeering activity requires at least two acts of racketeering, the last of which must

19    occur within ten years of the first, excluding any period of imprisonment after the commission of a prior

20    act of racketeering.  To establish an agreement that the enterprise would engage in a "pattern of

21    racketeering activity," as alleged in Count One of the Indictment, the Government must prove three

22    things beyond a reasonable doubt:

1    First, the Government must prove beyond a reasonable doubt that the defendant agreed that a

2    conspirator (which could include the defendant himself) would intentionally commit, or cause, or aid

3    and abet the commission of, two or more racketeering acts of the types alleged in Count One of the

4    Indictment, which I will list for you shortly.  The jury must be unanimous as to the types of predicate

5    racketeering acts it finds the defendant conspired to commit; it would not be sufficient for six jurors to

6    find the defendant guilty of conspiring to commit two types of racketeering acts and the other six jurors

7    to find him guilty of conspiracy to commit two different types of racketeering acts.

8    Second, the Government must prove beyond a reasonable doubt that the two racketeering acts

9    have a "nexus" to the enterprise and are "related" to one another.  A racketeering act has a "nexus" to

10    the enterprise if it has a meaningful connection to the enterprise.  To be "related" to one another, the

11    racketeering acts must have the same or similar purposes, results, participants, victim, or methods of

12    commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated

13    events.  But the racketeering acts do not need to be directly related to each other, as long as they are

14    related to the same enterprise.  For example, for both "nexus" and "relatedness" purposes, the requisite

15    relationship between the RICO enterprise and a predicate racketeering act may be established by

16    evidence that the defendant was able to commit the racketeering act solely by virtue of his position in

17    the enterprise or involvement in or control over its affairs; by evidence that the defendant's position in

18    the enterprise facilitated his commission of the racketeering act; by evidence that the racketeering act

19    benefitted the enterprise; by evidence that the racketeering act was authorized by the enterprise; or by

20    evidence the racketeering act promoted or furthered the purposes of the enterprise.  Nevertheless, it is

21    not sufficient for the Government to prove only that the defendant or a co-conspirator committed or

22    planned to commit two racketeering acts.  A series of disconnected acts does not constitute a pattern.

30

1    <u>Third</u>, to establish a pattern of racketeering activity, the Government must prove beyond a

2    reasonable doubt that the racketeering acts either extended over a substantial period of time or that they

3    posed or would pose a threat of continued racketeering activity.  A series of criminal acts poses a threat

4    of continued racketeering activity if the acts were committed to further the goals of a long-term

5    association that exists for criminal purposes.  The Government need not prove such a threat of continuity

6    by any mathematical formula or by any particular method of proof, but rather may prove it in a variety

7    of ways.  For example, the threat of continued unlawful activity may be established when the evidence

8    shows that the racketeering acts are part of a long-term association that exists for criminal purposes or

9    when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise.

10   Moreover, in determining whether the object of the conspiracy involved the threat of continued unlawful

11   activity, you are not limited to consideration of the specific racketeering acts that the defendant himself

12   is alleged to have committed; instead, in addition to considering such acts, you also may consider the

13   nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their

14   entirety, including both charged and uncharged unlawful activities.

15          Let me be clear about what the Government is and is not required to prove for a conviction under

16   Count One.  The Government must prove that the defendant intended to further an endeavor that, if

17   completed, would have satisfied all of the elements of a racketeering offense.  But the Government is

18   not required to prove that the defendant personally committed or even agreed to commit any act of

19   racketeering.  Nor is it required to prove that any acts of racketeering actually occurred.  Instead, for a

20   conviction under Count One, the Government must prove beyond a reasonable doubt that the defendant

21   agreed to participate in the enterprise with the knowledge and intent that at least one member, which

22   could be the defendant himself, would commit at least two racketeering acts in the conduct of the affairs

23   of the enterprise, and that those acts would constitute a pattern of racketeering activity as defined above.

31

1    **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

2

3    Difference Between "Enterprise" and "Pattern of Racketeering Activity"

4          Keep in mind that an enterprise is not the same thing as the pattern of racketeering activity.  To

5    convict, the Government must prove beyond a reasonable doubt that if the conspiracy achieved its

6    objective, there would be an enterprise _and_ that the enterprise's affairs would be conducted through a

7    pattern of racketeering activity.  As I have mentioned, the enterprise in this case is alleged to be a group

8    of individuals who associated together for a common purpose of engaging in a course of conduct, known

9    as the Sunset Trinitarios  A pattern of racketeering activity, on the other hand, is a series of criminal

10   acts.  The proof used to establish these separate elements may be the same or overlapping.  For example,

11   if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the

12   separate racketeering acts were part of a "pattern" of continuing criminal activity.  Nevertheless, you

13   should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of

14   racketeering activity or vice versa.

15   **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

16

17   Racketeering Predicates

18         I will now instruct you on the substantive law governing the racketeering acts (or predicates) that

19   the Indictment alleges were part of the pattern of racketeering activity in this case.

20         The Indictment alleges that the following categories of criminal violations were committed or

21   were intended to be committed as part of the racketeering conspiracy charged in Count One:

22           a.   acts involving murder, attempted murder, and conspiracy to commit murder in

23               violation of New York state law;

1          b.   acts involving robbery, attempted robbery, and conspiracy to commit robbery in

2              violation of New York state law;

3          c.   acts involving mail and wire fraud in violation of federal law; and

4          d.   acts involving the distribution or the possession with intent to distribute of controlled

5              substances and conspiracy to do the same in violation of federal law.

6      As a reminder, you must be unanimous as to the *types* of predicate racketeering acts that the

7  persons agreed to commit, but you are not required to make findings of specific predicate acts.

8      I will now instruct you about each kind of alleged racketeering act in turn.

9  **Adapted from *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

10

11    1.  Racketeering Predicate: Murder, Attempted Murder, and Conspiracy to Commit Murder in

12       Violation of New York Law

13      The Indictment alleges that one of the categories of criminal violations that were committed or

14  intended to be committed as part of the racketeering conspiracy charged in Count One included murder,

15  attempted murder, and conspiracy to commit murder in violation of New York law.

16      Let me explain each of those in turn.

17

18         i.   Murder

19      Murder is the killing of another human being with malice aforethought.  In particular, under New

20  York law, the Government must prove two elements beyond a reasonable doubt.

21      First, the Government must prove beyond a reasonable doubt that the person caused the death of

22  another human being or aided and abetted the same.

1      To cause the death of another, the person's conduct must be a sufficiently direct cause of the

2  victim's death.  In other words, an act caused a victim's death if the act, in a natural and continuous

3  sequence, results in the death, and if the death would not have occurred without the act.  A mere

4  probable connection between the conduct and the death will not suffice.  At the same time, if a person's

5  conduct is an actual contributory cause of the death of another, then it does not matter if such conduct

6  was not the sole cause of the death.

7      Second, the Government must prove beyond a reasonable doubt that the person intended to cause

8  the death of another person.  Under New York law, a person intends to cause the death of another person

9  when his conscious objective or purpose is to cause the death of that person.

10      Intent does not require premeditation or advance planning.  Intent can be formed, and need only

11  exist, at the very moment the person engages in prohibited conduct or acts to cause the prohibited result.

12  You must decide based on the proved facts whether or not you can infer beyond a reasonable doubt that

13  the person intended to cause the death.  In doing so, you may consider the person's conduct and all of

14  the circumstances surrounding that conduct, including, but not limited to, the following: (1) what, if

15  anything, the person did or said; (2) what result, if any, followed the person's conduct; and (3) whether

16  that result was the natural, necessary, and probable consequence of that conduct.

17      Furthermore, there is no requirement that the person who is murdered be the same person who

18  was intended to be murdered.  Thus, the intent element is satisfied when the person intends to kill one

19  person but instead kills another person.

20      In determining whether a person agreed as part of the racketeering conspiracy that he or a co-

21  conspirator would commit murder in violation of New York state law, you may apply the instructions on

22  aiding and abetting under state law that I gave you earlier.  Thus, you may find that the racketeering

23  conspiracy involved acts involving murder either because you find that the person agreed that he or a co-

1    conspirator would commit an act constituting murder under New York law or because you find that he

2    agreed that he or a co-conspirator would assist a third party in doing so.

3    **Adapted from** *United States v. Lopez-Cabrera*, **S5 11 Cr. 1032 (PAE) (S.D.N.Y. 2014);** *United States*

4    *v. Blondet*, **16 Cr. 387 (JMF) (S.D.N.Y. 2022);** *United States v. Pabon*, **18 Cr. 319 (SHS) (S.D.N.Y.**

5    **2022).**

6

7                    ii.    Attempted Murder

8            The Indictment also charges predicate acts involving attempted murder in violation of New York

9    law.  Under New York law, a person is guilty of an *attempt* to commit a crime when, with intent to

10   commit a crime, he engages in conduct which tends to effect the commission of such crime.

11           Thus, in order to prove that a person attempted to commit murder, the Government must prove

12   two elements beyond a reasonable doubt:

13           First, that the person intended to commit murder; and

14           Second, that the person committed some act that was a substantial step in an effort to bring about

15   or accomplish the murder.

16           In order to convict a person of an attempt, you must find beyond a reasonable doubt that the

17   person intended to commit the crime charged and that he took some action which was a substantial step

18   toward the commission of that crime, and indeed which came dangerously near completion of the

19   completed crime.  In determining whether the person's actions met this standard, it is necessary to

20   distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the

21   other.  Mere preparation, which may consist of planning the offense, or of obtaining or arranging a

22   means for its commission, is not an attempt.  The acts of a person who intends to commit a crime will

23   constitute an attempt when the acts themselves clearly indicate intent to commit that crime, and the acts

1    are a substantial step in a course of conduct planned to end with the commission of that crime.

2    Like a completed crime, a person may be guilty of an attempt if he personally attempts to

3    commit it or if he aids and abets an attempt committed by another.  Here, you should also apply my

4    earlier instructions on aiding and abetting under New York state law.

5    **Adapted from _United States v. Lopez-Cabrera_, S5 11 Cr. 1032 (PAE) (S.D.N.Y. 2014); _United States_**

6    **_v. Pabon_, 18 Cr. 319 (SHS) (S.D.N.Y. 2022).**

7

8    iii.    Conspiracy to Commit Murder

9    The Indictment also charges predicate racketeering acts of conspiracy to commit murder under

10    New York state law.  Conspiracy to commit murder under New York law requires the Government to

11    prove three elements beyond a reasonable doubt.

12    First, that the person agreed with one or more other persons to engage in or cause the

13    performance of a murder;

14    Second, that the person did so with the intent that such murder be performed;

15    Third, that the person, or one of the people with whom he agreed to engage in or cause the

16    performance of the conduct, committed an overt act in furtherance of the conspiracy.

17    As I just explained, a person acts with intent that a murder be performed when his conscious

18    objective or purpose is that the murder should occur.  The agreement to engage in or cause the

19    performance of a crime is not itself an overt act. The overt act must be an independent act that tends to

20    carry out the conspiracy.  The overt act can be, but need not be, the commission of the crime that was

21    the object of the conspiracy.

22    **Adapted from _United States v. Pabon_, 18 Cr. 319 (SHS) (S.D.N.Y. 2022).**

23

36

2. <u>Racketeering Predicate: Robbery, Attempted Robbery, and Conspiracy to Commit Robbery in Violation of New York Law</u>

The Indictment also alleges that one of the categories of criminal violations that were committed or were intended to be committed as part of the racketeering conspiracy were acts involving robbery, attempted robbery, and conspiracy to commit robbery in violation of New York law. I will describe those crimes now.

In order for you to find that a person committed robbery under New York state law, the Government must prove beyond a reasonable doubt that:

<u>First</u>, that the person wrongfully took, obtained, or withheld property from the owner of the property;

<u>Second</u>, that the person took the property with the intent to deprive another of property or to appropriate the property to himself;

<u>Third</u>, that, in taking the property, the person used or threatened the immediate use of physical force upon another person for the purpose of preventing or overcoming resistance to the taking of the property.

In determining whether a person agreed as part of the racketeering conspiracy that he or a co-conspirator would commit acts involving robbery in violation of New York State law, you may apply the instructions on attempt, conspiracy, and aiding and abetting under New York law that I gave you earlier. Thus, you may find that the racketeering conspiracy involved acts involving robbery or attempted robbery either because you find that an individual agreed that either he or a co-conspirator would personally commit or attempt to commit an act constituting robbery under New York law or because you find that the individual agreed that he or a co-conspirator would assist a third party in doing so.

37

1    **Adapted from *United States v. Pabon*, 18 Cr. 319 (SHS) (S.D.N.Y. 2022).**

2

3        3.   Racketeering Predicate: Mail and Wire Fraud in Violation of Federal Law

4            The Indictment also alleges that one of the categories of criminal violations that were committed

5    or were intended to be committed as part of the racketeering conspiracy charged in Count One was acts

6    involving mail and wire fraud, in violation of federal law.  In order for you to find that a person

7    committed mail or wire fraud, the Government must prove beyond a reasonable doubt that:

8            First, there was a scheme or artifice to defraud others of money or property by materially false or

9    fraudulent pretenses, representations, or promises;

10           Second, that the individual knowingly and willfully devised or participated in the scheme or

11   artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

12           Third, in the execution of that scheme, the individual used or caused the use by others of either

13   the mails, for mail fraud, or interstate wires, for wire fraud.

14           I will now instruct you on each of these elements.

15

16            i.    First Element: Scheme or Artifice to Defraud

17           The first element of mail fraud and wire fraud is that there was a scheme or artifice to defraud

18   others of money or property by materially false or fraudulent pretenses, representations, or promises.

19           A "scheme or artifice to defraud others of money or property" is simply a plan to take the

20   money or property of another person by trick, deceit, deception, or swindle.  "Fraud" is a general term.

21   It is a term that includes all the possible means by which a person seeks to gain some unfair advantage

22   over another person by false representations, false suggestions, false pretenses, or concealment of the

38

1   truth.  Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick,

2   deceit, deception, or swindle.

3           Apart from proving a scheme or artifice to defraud, as I have just explained to you, the mail

4   fraud statute alternatively provides that it can be satisfied by the existence of a scheme or artifice to

5   obtain money or property by means of false or fraudulent pretenses, representations, or promises.  A

6   pretense, representation, statement, or document is fraudulent if it was made falsely and with intent to

7   deceive.  A representation, statement, claim, or document may also be fraudulent if it contains half-

8   truths or if it conceals material facts in a manner that makes what is said or represented deliberately

9   misleading or deceptive.

10          The deception need not be premised on spoken or written words alone.  The arrangement of

11  words, or the circumstances in which they are used may convey the false and deceptive appearance.  If

12  there is deception, the manner in which it is accomplished does not matter.

13          This element does not require that any particular person actually relied on, or actually suffered

14  damages, as a consequence of any fraudulent representation or concealment of facts.  Nor need you find

15  that the person profited from the fraud.  It is enough that a false statement, or a statement omitting

16  material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme

17  in the expectation that it would be relied upon.  You must concentrate on whether there was such a

18  scheme, not on the consequences of the scheme.  Of course, proof concerning the accomplishment of the

19  goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

20          In addition, the false or fraudulent representation (or failure to disclose) must relate to a material

21  fact or matter.  A material fact is one which would reasonably be expected to be of concern to a

22  reasonable and prudent person in relying upon the representation or statement in making a decision.

23  That means that, if you find a particular statement or representation false, you must determine whether

1   that statement or representation was one that a reasonable person might have considered important in

2   making his or her decision.  The same principle applies to fraudulent half-truths or omissions, that is,

3   failures to disclose facts.

4         A scheme to defraud need not be shown by direct evidence, but may be established by all the

5   circumstances and facts in the case.

6   **Adapted from *United States v. Duncan*, 18 Cr. 289 (SHS) (S.D.N.Y. 2019), and the Government's**

7   **Proposed Instructions.**

8

9               ii.    Second Element: Participation with Intent to Defraud

10        The second element of mail and wire fraud is that the individual executed, attempted to execute,

11  or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud or to obtain

12  money or funds owned or under the custody or control of the victim.

13        A person acts "knowingly" if he acts voluntarily and deliberately, rather than mistakenly or

14  inadvertently.  A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and

15  with the specific intent to disobey or disregard the law.  It is not necessary that the perpetrator knew he

16  was violating a particular law.  It is enough if he was aware that what he was doing was, in general,

17  unlawful.

18        This element requires that the individual participated in the scheme alleged with an

19  understanding of its fraudulent or deceptive character and with an intention to help it succeed.  Whether

20  an individual is guilty of mail or wire fraud is not governed by the extent of his participation.  That is, it

21  is not required that the individual participate in or have knowledge of all the operations of the scheme,

22  nor is it required that the individual participate in the alleged scheme from the beginning.  Instead, a

23  person who comes in at a later point with knowledge of the scheme's general operation, although not

40

1   necessarily all of its details, and intentionally acts to further the unlawful goals, becomes a member of

2   the scheme and is legally responsible for all that may have been done in the past in furtherance of the

3   criminal objective and all that is done thereafter.

4        The questions of whether a person acted knowingly, willfully, and with intent to defraud are

5   questions of fact for you to determine.  These questions involve the state of mind of the perpetrator.

6   Direct proof of knowledge and fraudulent intent is often unavailable, but direct proof is not required.

7   The ultimate facts of knowledge and criminal intent, though subjective, may be established by

8   circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts; what

9   others did in relation to the individual; and all the surrounding circumstances disclosed by the evidence

10  and the rational or logical inferences that may be drawn therefrom.

11  **<u>Adapted from the Government's Proposed Instructions.</u>**

12

13                      iii.    <u>Third Element: Use of the Mails or Interstate Wire</u>

14        The third and final element of mail and wire fraud is use of the mails in furtherance of the

15  scheme, for mail fraud, or use of an interstate wire communication (for example, telephone calls, e-mail

16  communications, or text messages) in furtherance of the scheme, for wire fraud.

17        For mail fraud, the use of the mails includes material sent through either the United States Postal

18  Service or a private or commercial interstate carrier.

19        For wire fraud, the wire communication must pass between two or more states, such as a

20  telephone call between New York and New Jersey.

21        The mailed matter or use of the wires need not contain a fraudulent representation or purpose or

22  request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.

1    It is not necessary for the individual to be directly or personally involved in the mailing or wire

2    communication, as long as the mailing or wire communication was reasonably foreseeable in the

3    execution of the alleged scheme to defraud in which the individual is accused of participating.  When

4    one does an act with knowledge that the use of the mails or a wire communication will follow in the

5    ordinary course of business or where such use of the mails or wire communication can reasonably be

6    foreseen, even though not actually intended, then he causes the mails to be used or the wire

7    communication.  Incidentally, this wire communication requirement is satisfied even if the wire

8    communication was done by a person with no knowledge of the fraudulent scheme, including a victim

9    of the alleged fraud.

10    For wire fraud, only the wire communication must be reasonably foreseeable, not its interstate

11    component.  Thus, if you find that the wire communication was reasonably foreseeable, and the

12    interstate wire communications actually took place, then this element is satisfied even if it was not

13    foreseeable that the wire communication would cross state lines.

14    I have already instructed you generally as to the meaning of aiding and abetting under federal

15    law, and you should apply those instructions here as well.  As a reminder, aiding and abetting under

16    federal law also includes willfully causing the commission of the crime.

17    **Adapted from the Government's Proposed Instructions.**

18

19    4.  Racketeering Predicate: Distribution or Possession with Intent to Distribute of Controlled

20        Substances and Conspiracy to Do the Same in Violation of Federal Law

21    Finally, Count One also alleges that one of the categories of criminal violations that were

22    committed or were intended to be committed as part of the racketeering conspiracy were offenses

23    involving the distribution or possession with intent to distribute of controlled substances — including

42

1    heroin, cocaine, marijuana, and oxycodone in violation of federal law — and conspiracy to commit

2    those crimes.

3

4         i.    Distribution or Possession with Intent to Distribute of Controlled Substances With

5              Intent to Distribute

6         The three elements of distributing or possessing with the intent to distribute a controlled

7    substance are:

8         First, that the person distributed a controlled substance, or possessed a controlled substance with

9    the intent to distribute it;

10        Second, that he did so unlawfully, intentionally, and knowingly; and

11        Third, that the substance involved was in fact a controlled substance.

12        The word "distribution" means the actual, constructive, or attempted transfer of the controlled

13   substance.  To distribute simply means to deliver, to pass over, to hand over something to another

14   person, or to cause it to be delivered, passed on, or handed over to another.  Distribution does not require

15   a sale, but includes sales.

16        What does "possession with intent to distribute" mean?   I will first discuss the concept of

17   "possession," and then discuss the concept of "intent to distribute."  The legal concept of possession

18   may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is

19   what most of us think of as possession — that is, having physical custody or control of an object, as I

20   possess this pen.  However, a person need not have actual, physical possession — that is, physical

21   custody of an object — in order to be in legal possession of it.  If a person has the ability to exercise

22   substantial control over an object, even if he or she does not have the object in his physical custody, and

23   that person has the intent to exercise such control, then the person is in possession of that object.  This is

1    called "constructive possession."  Control over an object may be demonstrated by the existence of a

2    working relationship between one person having the power or ability to control the item and another

3    person who has actual physical custody.  The person having control "possesses" the narcotics, because

4    he has an effective working relationship with the person who has actual physical custody of the

5    narcotics, and because he can direct the movement or transfer or disposition of the narcotics.  More than

6    one person can have control over the same narcotics.  The law recognizes that possession may be sole or

7    joint.

8        Finally, possession and ownership are not the same.  A person can possess an object and not be

9    the owner of the object.

10     Possession "with intent to distribute" simply means the possession of a controlled substance

11    with the intent or purpose to "distribute" it to another person or persons, as I have already defined that

12    term.  Since no one can read another person's mind, the determination as to a person's intent is inferred

13    from his behavior.  Basically, the question with regard to the intent aspect of the underlying offense is

14    whether any controlled substances in a person's possession, that is, subject to his control in the manner I

15    have indicated, were for the purpose of distribution to another.

16        I also instruct you that heroin, cocaine, marijuana, and oxycodone are "controlled substances"

17    under federal law.  For a person to be found guilty of distributing or possessing a controlled substance,

18    the Government need not prove the purity of the controlled substances — any mixture or substance

19    containing a detectable amount of a controlled substance is sufficient.

20        Finally, in determining whether a person agreed as part of the racketeering conspiracy that he or

21    a co-conspirator would commit acts involving the distribution of a controlled substance, you may apply

22    the federal aiding and abetting instruction I gave you earlier.

23

1        ii.    <u>Conspiracy to Distribute or Possess with Intent to Distribute Controlled Substances</u>

2             <u>With Intent to Distribute</u>

3        As to conspiracy to distribute or possess with intent to distribute a controlled substance, the

4    Government must prove two elements beyond a reasonable doubt:

5        <u>First</u>, the narcotics conspiracy actually existed — that is, there was, in fact, an agreement or

6    understanding between two or more person to to knowingly and intentionally distribute, or possess with

7    intent to distribute, a controlled substance.

8        <u>Second</u>, the person intentionally and knowingly became a member of the narcotics conspiracy —

9    that is, he knowingly associated himself with the narcotics conspiracy, and participated in the conspiracy

10   to distribute or possess with the intent to distribute narcotics.

11       I have already instructed you on the federal law of conspiracy, and you should apply that law

12   here.  Let me note that the Government need prove only that a person either conspired to distribute a

13   controlled substance or that he conspired to possess the controlled substance with the intent to distribute

14   it.  The Government need not prove both.  You must be unanimous, however, as to which act was

15   proved beyond a reasonable doubt to have been the object of the conspiracy.

16   **Adapted from *United States v. Berry*, 20 Cr. 84 (AJN) (S.D.N.Y. 2021).**

17

18   <u>Multiple Conspiracies</u>

19       Count One charges a racketeering conspiracy relating to a specific alleged enterprise — namely,

20   the Sunset Trinitarios.  The defendant argues that there were actually several separate and independent

21   racketeering conspiracies with various groups of members.

1      Whether there existed a single unlawful agreement, or many such agreements, or indeed, no

2  agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I

3  am about to give you.

4      When two or more people join together to further one common unlawful design or purpose, a

5  single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate

6  unlawful agreements to achieve distinct purposes.

7      Proof of several separate and independent conspiracies is not proof of the single, overall

8  conspiracy charged in Count One of the Indictment, unless one of the conspiracies proved happens to be

9  the single conspiracy described in the Indictment.

10      You may find that there was a single conspiracy despite the fact that there were changes in

11  personnel, activities, or both, so long as you find beyond a reasonable doubt that some of the co-

12  conspirators continued to act for the duration of the conspiracy for the purposes charged in Count One of

13  the Indictment.  The fact that the members of a racketeering conspiracy are not always identical does not

14  necessarily imply that separate racketeering conspiracies exist.  In addition, the existence of subgroups

15  or subunits within a larger conspiracy does not necessarily mean that the larger conspiracy does not

16  exist.

17      On the other hand, if you find that the racketeering conspiracy charged in the Indictment did not

18  exist, you cannot find the defendant guilty of the single racketeering conspiracy charged in Count One.

19  This is so even if you find that some racketeering conspiracy other than the one charged in Count One

20  existed, even though the purposes of both conspiracies may have been the same, and even though there

21  may have been some overlap in membership.

22      Similarly, if you find that the defendant was a member of another conspiracy, and not the one

23  charged in the Indictment, then you must acquit the defendant of the conspiracy charge.  A person can

1    be part of more than one conspiracy at the same time, and his actions can further the interests of more

2    than one conspiracy at the same time.

3       Therefore, what you must do is determine whether the conspiracy charged in the Indictment

4    existed.  If it did, you then must determine the nature of the conspiracy and who were its members.

5    **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

6

7    Count Two (Murder in Aid of Racketeering): Elements

8       That completes my instructions as to Count One, the racketeering conspiracy charge.

9       Count Two charges the defendant with committing or causing the murder of Michael Beltre at

10   least in part for the purpose of maintaining or increasing the defendant's position in a racketeering

11   enterprise.

12      This law makes it a crime for any person, for the purpose of gaining entrance to or maintaining

13   or increasing position in an enterprise engaged in racketeering activity, to murder any individual in

14   violation of local law.

15      Accordingly, in order to sustain its burden of proof for Count Two, the Government must prove

16   each of the following three elements beyond a reasonable doubt:

17      First, that the enterprise described in Count One existed, that it engaged in a pattern of

18   racketeering activity, and that its activities affected interstate commerce, as I have previously defined

19   these terms for you;

20      Second, that on or about October 23, 2013, the defendant committed or aided and abetted the

21   murder of Michael Beltre in violation of New York law; and

22      Third, that one of the defendant's purposes in committing, or aiding and abetting, the murder was

23   to gain entrance to, maintain his position in, or increase his position in the enterprise.

47

1     I will explain each of these elements in more detail now.

2

3     Count Two — First Element: Existence of the Enterprise

4     I already defined for you, in connection with Count One, the meaning of "enterprise," "affecting

5     interstate commerce," and "racketeering activity."  But unlike the instructions I gave you for Count One,

6     which charged a *conspiracy* to commit racketeering, for purposes of Count Two, the Government must

7     prove that the enterprise charged in the Indictment, the Sunset Trinitarios, actually existed.  You must

8     find that at the general time that the murder occurred, the enterprise was engaged in racketeering

9     activity, as I defined that term for you.  And finally, you must find that the criminal enterprise itself, or

10    the racketeering activities associated with it, had some effect on interstate commerce, as I have

11    previously explained these terms to you.

12    **Adapted from *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

13

14    Count Two — Second Element: Murder in Violation of New York Law

15    The second element the Government must prove beyond a reasonable doubt is that the defendant

16    committed or aided and abetted the murder of Michael Beltre in violation of New York law.

17    I have already instructed you on the elements of murder under New York law and you should

18    apply those instructions here.  I remind you that, just like the other murder charges I have already

19    discussed, a defendant may be guilty of murder by personally committing the crime or aiding and

20    abetting it.  You should apply the New York standard that I explained earlier.

21    **Adapted from *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

22

48

1   <u>Count Two — Third Element: Purpose of Gaining Entrance to, or Maintaining or Increasing Position, in</u>

2   <u>the Enterprise</u>

3        The third element that the Government must prove beyond a reasonable doubt is that the

4   defendant committed, or aided and abetted, the charged murder for the purpose of gaining entrance to,

5   maintaining his position in, or increasing his position in the Sunset Trinitarios enterprise.

6        Your focus in this element is on the general purpose or motive of the defendant in committing, or

7   aiding and abetting, the charged murder.  The Government does not need to prove that gaining entrance

8   to, or maintaining or increasing position in the enterprise, was the defendant's *only* motive, or even his

9   principal motive, so long as it was a substantial motivating factor in the defendant's decision to

10   participate in, or aid and abet, the murder.  For example, this element is satisfied if the defendant

11   committed the crime because he knew it was expected of him by reason of his involvement in the Sunset

12   Trinitarios, because it would enhance or maintain his power or prestige within the Sunset Trinitarios, or,

13   with respect to a high-ranking member of the enterprise, if he committed or sanctioned the charged

14   violent act to protect Sunset Trinitarios's operations or to advance its objectives.  These examples,

15   however, are by way of illustration and are not exhaustive.

16   **Adapted from Sand, *Modern Criminal Jury Instructions: Criminal*, Instr. 52-41; *United States v.***

17   ***Berry*, No. 20 Cr. 84 (AJN) (S.D.N.Y. 2021); *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y.**

18   **2022).**

19

20   <u>Count Three (Murder Through the Use of a Firearm): Elements</u>

21        Finally, Count Three charges the defendant with knowingly using or carrying a firearm in

22   relation to a crime of violence — or aiding and abetting or willfully causing another person to do the

23   same — resulting in the murder of Michael Beltre.

1    To sustain its burden of proof on this count, the Government must prove each of the following

2    five elements beyond a reasonable doubt:

3    First, that on or about October 23, 2013, the defendant used or carried or possessed a firearm, or

4    any combination of those acts, or aided and abetted or willfully caused another person to do so;

5    Second, that the use or carrying of the firearm was during and in relation to a crime of violence

6    or possession of the firearm was in furtherance of such a crime;

7    Third, that the defendant or the person he aided and abetted caused the death of Michael Beltre

8    through the use of a firearm;

9    Fourth, that the death of Michael Beltre qualifies as a murder under federal (not New York state)

10    law, as I will define that term for you in a moment; and

11    Fifth, that the defendant acted knowingly.

12    **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

13

14    Count Three — First Element: Use, Carry, or Possess a Firearm

15    The first element the Government must prove beyond a reasonable doubt is that, on or about

16    October 23, 2013, the defendant, or a person he aided and abetted, used, carried, or possessed a firearm.

17    Let me start by defining some terms.

18    A "firearm" is any weapon that will, or is designed to or may readily be converted to, expel a

19    projectile by the action of an explosion.  It does not matter if the firearm was loaded or operable at the

20    time of the crime.  A gun is a firearm.

21    In order to prove that someone "used" a firearm, the Government must prove beyond a

22    reasonable doubt an active employment of the firearm during and in relation to the relevant crime of

23    violence, as I will explain that term in a moment.  This does not mean that the defendant, or a person he

50

1   aided and abetted or willfully caused to use the firearm, must actually have fired or attempted to fire the

2   weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even

3   referring to the weapon so that other people knew that the person had a firearm available if needed all

4   constitute "use" of the firearm.  But the mere possession of a firearm at or near the site of the crime at

5   issue, without active employment, is not sufficient to constitute "use" of the firearm.

6        To prove that someone "carried" a firearm, the Government must prove beyond a reasonable

7   doubt that the defendant, or a person he aided and abetted or willfully caused to carry a firearm, had the

8   weapon within his control in such a way that it furthered the commission of the relevant crime of

9   violence.

10       With respect to "possessing" a firearm, the Government must prove beyond a reasonable doubt

11  that the defendant, or a person he aided and abetted or willfully caused to possess a firearm, either had

12  actual physical possession of the firearm or had substantial custody or control over it.  But mere

13  possession of a firearm is not enough.  The possession must be in furtherance of the relevant crime of

14  violence — in other words, it must have played some part in furthering the crime for this element to be

15  satisfied.

16  **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

17

18  Count Three — Second Element: During and in Relation to a Crime of Violence

19       The second element that the Government must prove beyond a reasonable doubt with respect to

20  Count Three is that the defendant either used or carried the firearm during and in relation to a crime of

21  violence, or possessed a firearm in furtherance of such a crime, or aided and abetted or willfully caused

22  another person to do so.  For Count Three, which charges the defendant with committing this crime in

51

1  connection with the murder of Michael Beltre, the underlying crime of violence that must be proved

2  beyond a reasonable doubt is the murder in aid of racketeering crime that is charged in Count Two.

3  You must find beyond a reasonable doubt that the defendant actually committed the underlying

4  crime of violence.  Possession in furtherance, as I explained earlier, requires that the firearm must have

5  played some part in furthering the crime in order for this element to be satisfied.

6  **Adapted from *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

7

8  Count Three — Third Element: Causing Death

9  The third element the Government must prove beyond a reasonable doubt with respect to Count

10  Three is that the defendant caused the death of Michael Beltre through the use of a firearm, or aided or

11  abetted or willfully caused the same.  The defendant may be found to have caused the death of the

12  victim if his conduct, or the conduct of a person he aided and abetted, was a substantial factor in causing

13  the death and the victim would not have died except for that conduct.  Conduct was a substantial factor

14  if it had such an effect in producing the death that would lead a reasonable person to regard the conduct

15  as a cause of death.  The death of a person may have one or more than one cause.  The Government need

16  not prove that the conduct of the defendant, or a person he aided and abetted, was the only cause of the

17  victim's death, and you do not need to find that the defendant shot the victim or that he committed the

18  final, fatal act.  The Government need prove only that the conduct of the defendant, or a person he aided

19  and abetted, was a substantial factor in causing the death.

20  **Adapted from *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

21

52

1    <u>Count Three — Fourth Element: Death Qualifies as a Murder Under Federal Law</u>

2        The fourth element the Government must prove beyond a reasonable doubt with respect to Count

3    Three is that the defendant committed, or aided and abetted or willfully caused, the murder of Michael

4    Beltre in violation of federal law.  Fortunately, the definition of murder under federal law is very similar

5    to the definition under New York law, which I explained to you in connection with Count One.

6        The federal statute defines murder as "the unlawful killing of a human being, with malice

7    aforethought."  A killing is done with "malice aforethought," if it was done consciously with the intent

8    to kill.  The Government must prove beyond a reasonable doubt that the act that caused death was done

9    willfully, with a bad or evil purpose to break the law.  But the Government need not prove spite,

10   malevolence, hatred, or ill will toward the victim in order to prove "malice aforethought."  It would be

11   sufficient to satisfy this element if the Government proved reckless and wanton conduct on the part of

12   the defendant that grossly deviated from a reasonable standard of care such that he or she was aware of

13   the serious risk of death.

14   **Adapted from *United States v. Blondet*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *United States v. Berry*,**

15   **20 Cr. 84 (AJN) (S.D.N.Y. 2021).**

16

17   <u>Count Three — Fifth Element: Knowingly</u>

18       The final element the Government must prove beyond a reasonable doubt is that the defendant

19   knew that he, or the person he aided and abetted, was using, carrying, or possessing a firearm and that he

20   acted knowingly in doing so.

21       To satisfy this element, you must find that the defendant had knowledge that what was being

22   carried or used was a firearm as that term is generally used.  An act is done "knowingly" if it is done

23   purposefully and voluntarily as opposed to mistakenly or accidentally.  You will recall that I instructed

1  you earlier that to find that someone acted knowingly requires you to make a finding as to that person's

2  state of mind.  In order for the Government to satisfy this element, it must prove that the defendant knew

3  what he was doing — for example, that he knew that he, or a person he aided and abetted, was

4  possessing or carrying a firearm in furtherance of the commission of a crime of violence.  It is not

5  necessary, however, for the Government to prove that the defendant knew that he was violating any

6  particular law.

7  **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

8

9  Venue

10        In addition to all of the elements that I have described for you, in order to convict the defendant

11  on any count of the Indictment, you must also decide whether any act in furtherance of that crime

12  occurred within the Southern District of New York.  The Southern District of New York includes

13  Manhattan and the Bronx.

14        The Government need not prove that any crime was committed entirely in this district or that the

15  defendant was present here.  It is sufficient to establish venue if any act in furtherance of the crime

16  occurred within the Southern District of New York and it was reasonably foreseeable to the defendant

17  that the act would take place in the Southern District of New York.  Any action in this district or any

18  communication into or out of this district can establish venue so long as the action or communication

19  furthered the charged offense.  If you find that the crime charged was committed in more than one

20  district, venue is proper in any district in which the crime was begun, continued, or completed.

21        I should note that on this issue — and this issue alone — the Government's burden is not proof

22  beyond a reasonable doubt, but only proof by a preponderance of the evidence.  Thus, the Government

23  has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

1    in furtherance of the crime charged in that count occurred in the Southern District of New York.  By

2    contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with

3    regard to any count, then you must acquit the defendant of that count.

4    **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

5

6    Timing of the Offenses

7         With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged

8    conduct occurred around the dates set forth in the Indictment.  It does not matter if a specific event or

9    transaction is alleged to have occurred on or about a certain date and the evidence indicates that, in fact,

10   it occurred on another date.  The law requires only a substantial similarity between the dates alleged in

11   the Indictment and the dates established by the testimony and other evidence.

12   **Adapted from _United States v. Blondet_, 16 Cr. 387 (JMF) (S.D.N.Y. 2022).**

13

14

15                          **III. CONCLUDING INSTRUCTIONS**

16   Selection of the Foreperson

17        In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

18   task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

19   but is the person who will communicate with me when questions arise and when you have reached a

20   verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

21   be signed by the foreperson and should include the date and time they were sent.  They should also be as

22   clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

1    please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

2    how the jury stands on any issue until after a unanimous verdict is reached.

3

4    <u>Right to See Exhibits and Hear Testimony</u>

5         All of the exhibits will be given to you near the start of deliberations.  In addition, you will also

6    be provided with a list of all the exhibits that were received into evidence.

7         If you want any of the testimony submitted to you or read back to you, you may also request that.

8    Keep in mind that if you ask for testimony, however, the court reporter must search through her notes,

9    the parties must agree on what portions of testimony may be called for, and if they disagree, I must

10    resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as

11    you possibly can in requesting portions of the testimony, if you do.

12         Again, your requests for testimony — in fact, any communication with the Court — should be

13    made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

14    Security Officers.

15

16    <u>Juror Note-Taking</u>

17         If any one of you took notes during the course of the trial, you should not show your notes to, or

18    discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

19    used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

20    greater weight than those of any other juror.  Finally, your notes are not to substitute for your

21    recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

22    the testimony, you may — as I just told you — request that the official trial transcript that has been

23    made of these proceedings be submitted or read back to you.

1

2    Bias, Prejudice, and Sympathy

3        All of us, no matter how hard we try, tend to look at others and weigh what they have to say

4    through the lens of our own experience and background.  We each have a tendency to stereotype others

5    and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

6    that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

7    all litigants and witnesses are entitled to a level playing field.

8        In particular, it would be improper for you to consider, in reaching your decision as to whether

9    the Government sustained its burden of proof, any personal feelings you may have about the defendant's

10    race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

11    you to consider any personal feelings you may have about the race, religion, national origin, gender,

12    sexual orientation, or age of any witness or anyone else involved in this case.  Additionally, you must

13    not be influenced by any personal feelings you may have about gang violence, drug dealing, religion and

14    religious-like beliefs, or the nature of the charged crimes.

15        Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

16    are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

17    question that you must ask yourselves for each count is:  Has the Government proved each element of

18    each count beyond a reasonable doubt?

19        It is for you and you alone to decide whether the Government has sustained its burden of proving

20    the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

21    and subject to the law as I have instructed you.

22        It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

23    there is a risk that you will not arrive at a true and just verdict.

1    If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

2    you must render a verdict of not guilty on that particular count. On the other hand, if you should find

3    that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

4    with respect to a particular count, then you should not hesitate because of sympathy or any other reason

5    to render a verdict of guilty on that count.

6    I also caution you that, under your oath as jurors, you cannot allow to enter into your

7    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

8    convicted. The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

9    and the issue of punishment may not affect your deliberations as to whether the Government has proved

10    the defendant's guilt beyond a reasonable doubt.

11

12    <u>Duty to Deliberate</u>

13    The most important part of this case, members of the jury, is the part that you as jurors are now

14    about to play as you deliberate on the issues of fact. I know you will try the issues that have been

15    presented to you according to the oath that you have taken as jurors. In that oath you promised that you

16    would well and truly try the issues joined in this case and a true verdict render.

17    As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

18    to express your own views. Every juror should be heard. No one juror should hold the center stage in

19    the jury room and no one juror should control or monopolize the deliberations. If, after listening to your

20    fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

21    hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your

22    honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

1    Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

2    you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

3    any time during your deliberations.

4

5    <u>Return of the Verdict</u>

6    We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

7    attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

8    will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

9    foreperson has been selected.

10    You should draw no inference from the questions on the Verdict Form as to what your verdict

11    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

12    should be answered.

13    After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

14    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

15    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

16    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

17    Verdict Form and hand it to me in open court when I ask for it.

18    I will stress again that each of you must be in agreement with the verdict that is announced in

19    court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

20    revoked.

21

1    <u>Closing Comments</u>

2         Finally, I say this, not because I think it is necessary, but because it is the custom in this

3    courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

4         All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

5    litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

6    to see that justice is done.

7         Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

8    guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

9    the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

10   on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

11   clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

12   impartial decision so that you will arrive at the just verdict.

13        Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

14   spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

15   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

16   the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
        -v-                                                   :        S1 20-CR-22-3 (JMF)
                                                              :
CARLOS RAMIREZ,                                               :
                                                              :        <u>VERDICT FORM</u>
                        Defendant.                            :
                                                              :
------------------------------------------------------------------X

***All Answers Must Be Unanimous***

<u>**Count One – Racketeering Conspiracy**</u>

As to Count One, how do you find the defendant CARLOS RAMIREZ?

Guilty  _____        Not Guilty  _____

<u>If and only if</u> you find defendant guilty of Count One, which type or types of racketeering crimes do you find were involved in the offense?

    <u>Acts Involving Murder, Attempted Murder, or Conspiracy to Commit Murder</u>

        Proved  _____        Not Proved  _____

        If you find that the offense involved acts involving murder, attempted murder, or conspiracy to commit murder, how many such acts do you find were involved in the offense?

        One  _____  Two  _____  More Than Two  _____

    <u>Acts Involving Robbery, Attempted Robbery, or Conspiracy to Commit Robbery</u>

        Proved  _____        Not Proved  _____

        If you find that the offense involved acts involving robbery, attempted robbery, or conspiracy to commit robbery, how many such acts do you find were involved in the offense?

        One  _____  Two  _____  More Than Two  _____

***Please Turn to the Next Page***

Acts Involving Mail or Wire Fraud

Proved _____     Not Proved _____

If you find that the offense involved acts involving mail or wire fraud, how many such acts do you find were involved in the offense?

One _____     Two _____     More Than Two _____

Acts Involving Distribution or Possession with Intent to Distribute of Controlled Substances and Conspiracy to Do the Same

Proved _____     Not Proved _____

If you find that the offense involved acts involving distribution or possession with intent to distribute of controlled substances and conspiracy to do the same, how many such acts do you find were involved in the offense?

One _____     Two _____     More Than Two _____

**Count Two – Murder of Michael Beltre, a/k/a "Sofoke," in Aid of Racketeering**

As to Count Two, how do you find the defendant CARLOS RAMIREZ?

Guilty  _____     Not Guilty  _____

**Count Two – Murder of Michael Beltre, a/k/a "Sofoke," Through the Use of a Firearm**

As to Count Three, how do you find the defendant CARLOS RAMIREZ?

Guilty  _____     Not Guilty  _____

*Please Turn to the Next Page*

2

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date and Time:     _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.  The foreperson should retain
the official Verdict Form to be handed to the Judge in open court.*

3

**COURT EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                           :

UNITED STATES OF AMERICA,          :

                                           :

    -v-                           :

                                         :        S1 20-CR-22-3 (JMF)

CARLOS RAMIREZ,                 :

                                         :

                       Defendant.     :

                                         :
-------------------------------------------------------------------X

**JURY CHARGE**

September 20, 2024

**Table of Contents**

I. GENERAL INTRODUCTORY CHARGES ................................................................ 1

Role of the Court and the Jury ........................................................................... 2

The Parties ....................................................................................................... 2

Conduct of Counsel .......................................................................................... 2

Presumption of Innocence and Burden of Proof .............................................. 3

Proof Beyond a Reasonable Doubt ................................................................... 3

Direct and Circumstantial Evidence ................................................................. 4

What Is and What Is Not Evidence ................................................................... 5

Stipulations ....................................................................................................... 7

Charts and Summaries ...................................................................................... 7

Limited Purpose Evidence ................................................................................ 7

Testimony of Timothy Monette ........................................................................ 7

Evidence Obtained Through Subpoenas and Search Warrants ......................... 8

Recordings and Transcripts .............................................................................. 8

Redactions ........................................................................................................ 9

Credibility of Witnesses ................................................................................. 10

Accomplice or Cooperator Testimony ............................................................ 11

Immunized Witnesses ..................................................................................... 13

Law Enforcement and Government Witnesses ............................................... 14

The Defendant's Custody Status and Prior Conviction .................................. 14

Uncalled Witnesses......................................................................................... 15

Number of Witnesses and Uncontradicted Testimony ................................... 15

Particular Investigative Techniques................................................................ 16

All Available Evidence Need Not Be Introduced ........................................... 16

Preparation of Witnesses ................................................................................ 16

Persons Not on Trial ....................................................................................... 17

The Defendant's Testimony ............................................................................ 17

II. SUBSTANTIVE CHARGES ......................................................................................... 18

The Indictment.......................................................................................................... 18

Aiding and Abetting Liability.................................................................................... 19

Count One (Racketeering Conspiracy): Elements...................................................... 21

Count One — First Element: Existence of the Conspiracy ........................................ 23

Count One — Second Element: Effect on Interstate Commerce ............................... 25

Count One — Third Element: Membership in the Conspiracy ................................... 26

Count One — Fourth Element: Agreement to Commit Predicate Acts ...................... 28

Difference Between "Enterprise" and "Pattern of Racketeering Activity"................. 31

Racketeering Predicates............................................................................................. 32

    1.   Racketeering Predicate: Murder, Attempted Murder, and Conspiracy to Commit
        Murder in Violation of New York Law ........................................................... 33

    2.   Racketeering Predicate: Robbery, Attempted Robbery, and Conspiracy to Commit
        Robbery in Violation of New York Law ......................................................... 36

    3.   Racketeering Predicate: Distribution of or Possession with Intent to Distribute
        Controlled Substances and Conspiracy to Do the Same in Violation of Federal Law .. 37

Count Two (Murder in Aid of Racketeering): Elements............................................ 40

Count Two — First Element: Existence of the Enterprise ........................................ 41

Count Two — Second Element: Murder in Violation of New York Law ................... 41

Count Two — Third Element: Purpose of Gaining Entrance to, or Maintaining or Increasing

      Position, in the Enterprise.......................................................................... 42

Count Three (Murder Through the Use of a Firearm): Elements............................... 42

Count Three — First Element: Use, Carry, or Possess a Firearm ............................. 43

Count Three — Second Element: During and in Relation to a Crime of Violence ................. 44

Count Three — Third Element: Causing Death ........................................................ 45

Count Three — Fourth Element: Death Qualifies as a Murder Under Federal Law................. 45

Count Three — Fifth Element: Knowingly............................................................... 46

Venue ...................................................................................................................... 46

Timing of the Offenses ............................................................................................. 47

III. CONCLUDING INSTRUCTIONS ........................................................................... 48

Selection of the Foreperson ................................................................................. 48

Right to See Exhibits and Hear Testimony ......................................................... 48

Juror Note-Taking ............................................................................................... 49

Bias, Prejudice, and Sympathy ........................................................................... 49

Duty to Deliberate ............................................................................................... 50

Return of the Verdict ........................................................................................... 51

Closing Comments ............................................................................................... 52

# I. GENERAL INTRODUCTORY CHARGES

1

2    Members of the jury, you have now heard all of the evidence and the lawyers' closing

3  arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to

4  you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but

5  there is a need for precision, and it is important that I get the words just right, and so that is why I will be

6  reading.

7    I have given you a copy of my instructions to follow along because they cover many points.

8  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it

9  easier to listen and understand while you are following along with me, please do so.  If you would

10  prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written

11  instructions, it is my oral instructions that govern and that you must follow.  But you may take your

12  copy of the instructions with you into the jury room so you can consult it if you want to re-read any

13  portion of the charge to facilitate your deliberations.

14    For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

15  not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a

16  whole when you retire to deliberate in the jury room.

17    My instructions to you will be in three parts.

18    First, I will give you general instructions — for example, about your role as the jury, what you

19  can and cannot consider in your deliberations, and the burden of proof.

20    Second, I will describe the law that you must apply to the facts as you find them to be established

21  by the evidence.

22    Finally, I will give you some instructions for your deliberations.

23

1

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant, Carlos Ramirez, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

1    In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    <u>Presumption of Innocence and Burden of Proof</u>

10    The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11    guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12    shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13    case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

14    Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

15    presumption of innocence was in his favor when the trial began, continued in his favor throughout the

16    entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

17    crime during the course of your deliberations in the jury room, unless and until you determine that the

18    Government proves beyond a reasonable doubt that he committed each charged crime.

19

20    <u>Proof Beyond a Reasonable Doubt</u>

21    The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

22    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

23    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

1    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

2    whim.  It is not speculation or suspicion.

3         Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

4    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

5    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

6    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

7         If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

8    that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

9    defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

10   person to hesitate in acting in matters of importance in his or her own affairs — then you have a

11   reasonable doubt, and in that circumstance it is your duty to acquit.

12        On the other hand, if, after a fair and impartial consideration of all the evidence, you can

13   candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

14   prudent person would be willing to act upon in important matters in the personal affairs of his or her

15   own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

16

17   <u>Direct and Circumstantial Evidence</u>

18        There are two types of evidence that you may properly use in deciding whether the defendant is

19   guilty or not guilty of the crimes with which he is charged.

20        One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

21   when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

22   observed through the five senses.  The second type of evidence is circumstantial evidence.

23   Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

4

1      There is a simple example of circumstantial evidence that is often used in this courthouse.

2  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

3  outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

4  further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

5  then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

6      Now, because you could not look outside the courtroom and you could not see whether it was

7  raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

8  asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

9      That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

10  and common sense from one established fact the existence or the nonexistence of some other fact.

11      The matter of drawing inferences from facts in evidence is not a matter of guesswork or

12  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

13  facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

14      Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

15  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

16  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

17  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

18  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

19  the case.

20

21  <u>What Is and What Is Not Evidence</u>

22      What, then, is the evidence in the case?

5

1     The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

2     into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

3     For example, the questions posed to a witness are not evidence; it is the witnesses' answers that

4     are evidence, not the questions.  I remind you that even if you understand Spanish, you may not rely on

5     any testimony that was given in Spanish; the English translation of any testimony that was given in

6     Spanish is the evidence that you may consider during your deliberations.  In addition, materials brought

7     forth only to refresh a witness's recollection are not evidence.  Moreover, testimony that has been

8     stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

9     Arguments by the advocates are also not evidence.  What you heard during the opening

10    statements and summations is merely intended to help you understand the evidence and reach your

11    verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

12    recollection.  If a lawyer made a statement during his or her opening or summation and you find that

13    there is no evidence to support the statement, you should disregard the statement.

14    Further, any statements that I may have made during the trial or during these instructions do not

15    constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

16    to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

17    questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

18    evidence and to bring out something that I thought might be unclear.  You should draw no inference or

19    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

20    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

21    these instructions are no indication of my views of what your decision should be.  Nor should you infer

22    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

23    you should decide any issue that is before you.  That is entirely your role.

1    Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

2    Whether you approve or disapprove of how any evidence was obtained should not enter into your

3    deliberations.

4

5    <u>Stipulations</u>

6    Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

7    between parties as to what certain facts were or what the testimony would be if certain people testified

8    before you.  The stipulation is the same for your purposes as the presentation of live testimony.  You

9    should consider the weight to be given such evidence just as you would any other evidence.

10

11   <u>Charts and Summaries</u>

12   The Government presented exhibits in the form of charts and summaries.  As I mentioned to you

13   earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

14   documents that they represent in order to save time and avoid unnecessary inconvenience.  You should

15   consider the charts and summaries as you would any other evidence.

16

17   <u>Limited Purpose Evidence</u>

18   If certain testimony or evidence was received for a limited purpose, you must follow the limiting

19   instructions I have given.

20

21   <u>Testimony of Timothy Monette</u>

22   In this respect, I have one further limiting instruction to deliver to you now concerning the

23   testimony of Mr. Timothy Monette, the employee from the Bureau of Prisons who was the last witness

7

1    called during the Government's rebuttal case at the end of the day yesterday.  I am instructing you that

2    you may consider Mr. Monette's testimony and GX 910, which was the intake form that was introduced

3    during his testimony, only for the limited purpose of assessing the credibility of the defendant as a

4    witness and not for any other purpose.

5

6    <u>Evidence Obtained Through Subpoenas and Search Warrants</u>

7         You have heard testimony about evidence that was obtained through subpoenas and search

8    warrants.  All of this evidence was properly admitted in this case and may be properly considered by

9    you.  Indeed, subpoenas and search warrants are entirely appropriate law enforcement actions.  Whether

10   you approve or disapprove of how the evidence was obtained should not enter into your deliberations

11   because I instruct you that the Government's use of the evidence was lawful.  You must, therefore,

12   regardless of your personal opinions, give this evidence full consideration along with all the other

13   evidence in the case in determining whether the Government has proved the defendant's guilt beyond a

14   reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give to this

15   evidence.

16

17   <u>Recordings and Transcripts</u>

18        Audio and video recordings have been admitted into evidence.  The recordings were made in a

19   lawful manner, and no one's rights were violated.  Whether you approve or disapprove of the recording

20   or interception of those conversations may not enter your deliberations.

21        The Government was permitted to give you transcripts containing its interpretation of what can

22   be heard on some of the recordings that were received as evidence.  For any audio recordings in Spanish,

8

1   the transcripts also contained an English translation.  The Government also gave you English

2   translations of certain exhibits with Spanish writing.

3         I remind you that, for audio recordings in English, the transcripts were given to you only as an

4   aid or guide to assist you in listening to the recordings.  These transcripts are not in and of themselves

5   evidence.  You alone should make your own interpretation of what appears on the recordings based on

6   what you heard.  If you think you heard something differently than what appeared on the transcript, then

7   what you heard is controlling.

8         By contrast, for audio recordings in Spanish, it is the corresponding transcripts that are evidence

9   you may consider during deliberations.  The same is true for any writings in Spanish for which you have

10   received an English translation.  I remind you that even if you understand Spanish, you should not rely

11   in any way on any knowledge you may have of the Spanish language that was spoken on the recordings.

12         Remember that the jury is the ultimate fact finder and, as with all the evidence, you may give the

13   transcripts and translations such weight, if any, as you believe they deserve.  If you wish to hear or see

14   any of the recordings again, or see any of the transcripts of those recordings, they will be made available

15   to you during your deliberations.

16

17   <u>Redactions</u>

18         Some of the exhibits admitted into evidence contain redactions of certain information.

19   "Redacted" means that part of the document or recording was taken or blacked out.  There is nothing

20   unusual or improper about such redactions.  You are to concern yourself only with the part of the

21   document that has been admitted into evidence.  You should not consider any possible reason why the

22   other part of it was not admitted into evidence.

23

1    <u>Credibility of Witnesses</u>

2        How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

3    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

4    same tests here that you use in your everyday life when evaluating statements made by others to you.

5    You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

6    was the witness to the questions asked on direct examination and on cross-examination?

7        If you find that a witness intentionally told a falsehood, that is always a matter of importance you

8    should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

9    untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

10    determine whether such inconsistencies are significant or inconsequential, and whether to accept or

11    reject all of the testimony of any witness, or to accept or reject only portions.

12        You are not required to accept testimony even though the testimony is uncontradicted and the

13    witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

14    or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

15    conclude that the testimony is not worthy of belief.

16        In evaluating the credibility of the witnesses, you should take into account any evidence that a

17    witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

18    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

19    interests.  Therefore, if you find that any witness whose testimony may have an interest in the outcome

20    of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony

21    and decide whether to accept it with great care.

22        Keep in mind, though, that it does not automatically follow that testimony given by an interested

23    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

10

1  the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

2  common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

3

4  <u>Accomplice or Cooperator Testimony</u>

5          You have heard from a number of witnesses who testified that they were involved in planning

6  and carrying out some of the crimes charged in the Indictment.  You have heard a great deal in counsel's

7  summations about these so-called accomplice or "cooperating" witnesses and whether or not you should

8  believe them.

9          Experience will tell you that the Government sometimes must rely on the testimony of witnesses

10  who admit to participating in the alleged crimes at issue.  The Government must take its witnesses as it

11  finds them and sometimes must use such testimony in a criminal prosecution, because otherwise it

12  would be difficult or impossible to detect and prosecute wrongdoers.  For these very reasons, the law

13  allows the use of testimony from cooperating witnesses.  Indeed, under federal law, the testimony of a

14  cooperating witness may be enough in itself for conviction, if the jury believes that the testimony

15  establishes guilt beyond a reasonable doubt.

16          However, because of the interest a cooperator may have in testifying, you should scrutinize his

17  testimony with special care and caution.  You may consider the fact that a witness is a cooperator as

18  bearing upon his credibility.  Like the testimony of any other witness, accomplice witness testimony

19  should be given such weight as it deserves in light of the facts and circumstances before you, taking into

20  account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his

21  background, and the extent to which his testimony is or is not corroborated by other evidence in the

22  case.  You may consider whether a cooperating witness has an interest in the outcome of the case, and if

23  so, whether that interest has affected his testimony.

11

1    You heard testimony about agreements between the Government and each of the cooperating

2    witnesses.  I must caution you that it is no concern of yours why the Government made an agreement

3    with a particular witness.  You may, however, consider the effect, if any, that the existence or terms of

4    the agreement have on the witness's credibility.  A witness who hopes to obtain leniency may have a

5    motive to testify as he believes the Government wishes, or he may feel that it is in his interest to

6    incriminate others.  As with any witness, your responsibility is to determine whether any such motive or

7    intent has influenced the witness's testimony and whether the witness has told the truth, in whole or in

8    part.

9    In sum, in evaluating the testimony of a cooperating witness, you should ask yourselves the

10    following questions:  Would the accomplice benefit more by lying or by telling the truth?  Was any part

11    of his testimony potentially made up because he believed or hoped that he would receive favorable

12    treatment from the Government by testifying falsely or as he believed the Government wanted?  Or did

13    he believe that his interests would be best served by testifying truthfully?  If you believe that the witness

14    was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it

15    one that would cause him to tell the truth?  Did this motivation color his testimony?  It does not follow,

16    however, that simply because a person has admitted to participating in one or more crimes, he is

17    incapable of giving a truthful version of what happened.

18    If you think that the testimony was false, you should reject it.  However, if, after a cautious and

19    careful examination of an accomplice witness's testimony, you are satisfied that the witness told the

20    truth, you may accept his testimony as credible and act upon it accordingly.

21    As with any witness, let me emphasize that the issue of credibility need not be decided in an all-

22    or-nothing fashion.  If you find that a witness has been untruthful in some respect, you may, but are not

23    required to, reject the witness's testimony in its entirety.  Even if you find that a witness testified falsely

12

1   in one part, you still may accept his testimony in other parts.  How much of a witness's testimony to

2   accept, if any, is a determination entirely for you, the jury.

3       Finally, you have heard testimony from witnesses who have pleaded guilty to certain charges

4   arising out of the same facts as this case.  I must emphasize that you may not draw any conclusions or

5   inferences of any kind about the guilt of the defendant on trial from the fact that one or more prosecution

6   witnesses pleaded guilty to similar charges.  The decisions of those witnesses to plead guilty were

7   personal decisions those witnesses made about their own guilt.  It may not be used by you in any way as

8   evidence against or unfavorable to the defendant.

9

10  <u>Immunized Witnesses</u>

11      You have heard the testimony of a witness who testified under a grant of immunity from this

12  Court.  What this means is that the testimony of the witness may not be used against the witness in any

13  criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply

14  with the immunity order of this Court.

15      You are instructed that the Government is entitled to call a person who has been granted

16  immunity by order of this Court; you are further instructed that you may convict a defendant on the basis

17  of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a

18  reasonable doubt.

19      However, the testimony of a witness who has been granted immunity should be examined by you

20  with great care.  You should scrutinize it closely to determine whether or not it is colored in such a way

21  as to place guilt upon the defendant in order to further the witness's own interests.  If after a careful

22  examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the

23  witness told the truth, you should accept it as credible and act upon it accordingly.

13

1       In addition, it does not follow that simply because a person may have participated in criminal

2   conduct, that he or she is incapable of giving truthful testimony.  Further, it is of no concern of yours

3   why a witness received court-ordered immunity. Your sole concern is whether a witness has given

4   truthful testimony in this courtroom before you.  As with any witness, let me emphasize that the issue of

5   credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified

6   falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.

7   That is a determination entirely for you, the jury

8

9   Law Enforcement and Government Witnesses

10      You have heard testimony from law enforcement or other government witnesses.  The fact that a

11  witness may be employed as a law enforcement official or government employee does not mean that his

12  or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

13  that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

14  testimony of any law enforcement witness or government witnesses, as it is with every other type of

15  witness, and to give to that testimony the weight you find it deserves.

16

17  The Defendant's Custody Status and Prior Conviction

18      You have heard evidence that the defendant was incarcerated at one point or another.  You have

19  also received certain exhibits showing the same.  You may not consider the defendant's having been in

20  custody as evidence that he is of bad character or evidence that he had a propensity to commit the crimes

21  charged in the Indictment.

22      Relatedly, the parties stipulated that the defendant was convicted of manslaughter in New York

23  state court for the killing of Jordanny Correa.  The fact that the defendant has been convicted of a crime

14

1    under state law in state court in another case is no bar to a conviction in federal court in this case.  I

2    instruct you that any evidence of the defendant's prior conviction was properly admitted and that you

3    may consider it during your deliberations as you would consider any other evidence.

4

5    Uncalled Witnesses

6          There are people whose names you have heard during the course of the trial but who did not

7    appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

8    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

9    to what they would have testified to had they been called.  Their absence should not affect your

10   judgment in any way.

11         You should, however, remember my instruction that the law does not impose on a defendant in a

12   criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

13   remains at all times with the Government.

14

15   Number of Witnesses and Uncontradicted Testimony

16         I remind you that the defendant is not required to call any witnesses or offer any evidence, since

17   he is presumed to be innocent.  On the other hand, the Government is not required to prove each element

18   of the offense by any particular number of witnesses.  The testimony of a single witness may be enough

19   to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if

20   you believe that the witness has truthfully and accurately related what he or she has told you.  The

1  testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which

2  case you must find the defendant not guilty.

3

4  <u>Particular Investigative Techniques</u>

5      There is no legal requirement that the Government prove its case through any particular means.

6  While you are to carefully consider the evidence and/or lack of evidence adduced by the Government,

7  you are not to speculate as to why the Government used the techniques it did or why it did not use other

8  techniques.  Your concern is to determine whether or not, on the evidence or lack of evidence, the

9  Government has met its burden of proving each element of each charge beyond a reasonable doubt.

10

11  <u>All Available Evidence Need Not Be Introduced</u>

12      The law does not require any party to call as witnesses all persons who may have been present at

13  any time or place involved in the case, or who may appear to have some knowledge of the matter in

14  issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

15  things available to either party during the course of the trial.

16

17  <u>Preparation of Witnesses</u>

18      You have heard evidence during the trial that witnesses have discussed the facts of the case and

19  their testimony with their own lawyers or with Government lawyers before they appeared in court.

20  Although you may consider these facts when you are evaluating a witness's credibility, there is nothing

21  either unusual or inherently improper about a witness meeting with lawyers before testifying so that the

22  witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have

23  the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps

1    conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness

2    without such consultation.

3        As always, the weight you give to the fact or the nature of these issues and what inferences you

4    draw from them are matters completely within your discretion.

5

6    Persons Not on Trial

7        During the course of the trial, you have heard the names of other individuals mentioned in

8    connection with this case.  Some of these other individuals have been mentioned in connection with

9    what the Government alleges was illegal activity, including as members of the enterprise known as the

10   Sunset Trinitarios.  You may not draw any inference, favorable or unfavorable, toward the Government

11   or the defendant from the fact that any person is not on trial here.  Nor may you speculate as to what

12   became of them and why.  These matters are wholly outside your concern and have no bearing on your

13   function as jurors in deciding the case before you.

14

15   The Defendant's Testimony

16       Under our Constitution, the defendant in a criminal case never has any duty to testify or come

17   forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable

18   doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the

19   defendant did testify and he was subject to cross-examination like any other witness.  You should

20   examine and evaluate the testimony just as you would the testimony of any witness with an interest in

21   the outcome of the case.  But I remind you: Because the defendant is presumed innocent and does not

22   have any burden of proof, the fact that he chose to testify does not shift the burden from the Government

23   onto the defendant.

24                                              17

## II. SUBSTANTIVE CHARGES

2      That concludes my introductory instructions.  Let me now turn to the charges.

3

4      The Indictment

5           The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

6      case, the Indictment is simply a charge or accusation.  It is not evidence, and it does not prove or even

7      indicate guilt.  It does not create any presumption or permit any inference that the defendant is guilty.

8      As I have told you many times, the defendant is presumed innocent and has entered a plea of not guilty.

9      It is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.

10          The Indictment contains three charges, or "counts," against the defendant.  Each count accuses

11      the defendant of committing a different crime.  You must, as a matter of law, consider each count, and

12      you must return a separate verdict for each count in which the defendant is charged.  Your verdict on

13      one count should not control your decision as to any other count.

14          Count One charges that, from at least in or about 2010 up to and including in or about 2024, the

15      defendant participated in a conspiracy to conduct the affairs of a criminal enterprise referred to in the

16      Indictment as the Sunset Trinitarios through a pattern of racketeering crimes in the New York City area.

17      The Indictment alleges that members and associates of the Sunset Trinitarios engaged in criminal acts —

18      known as "predicates" — including murder, attempted murder, conspiracy to commit murder, robbery,

19      attempted robbery, conspiracy to commit robbery, and distributing or possessing with intent to distribute

20      controlled substances and conspiracy to do the same.

21          Counts Two and Three relate to the murder of Michael Beltre, a/k/a "Sofoke," on or about

22      October 23, 2013.  Count Two charges the defendant with committing, and aiding and abetting or

23      willfully causing, the murder of Mr. Beltre for the purpose of maintaining or increasing his position in

18

1   the Sunset Trinitarios racketeering enterprise.  <u>Count Three</u> charges the defendant with committing, and

2   aiding and abetting or willfully causing, another person to use and carry a gun during and in relation to a

3   crime of violence (namely the murder in aid of racketeering charged in Count Two), resulting in the

4   murder of Mr. Beltre.

5

6   <u>Aiding and Abetting Liability</u>

7        Before I describe each of these charges to you in more detail, I want to instruct you on the

8   concept of aiding and abetting.  I want to do that first because it is relevant to some of the alleged

9   racketeering acts in Count One and to both Count Two and Count Three.

10        Aiding and abetting liability is its own theory of criminal liability.  In effect, it is a theory of

11   liability that permits a person to be guilty of a specified crime if that person, while not himself

12   committing the crime, assisted another person or persons in committing the crime.  In other words, as to

13   the relevant predicate acts and crimes, a person can be guilty if he committed the crime himself or if he

14   aided and abetted the commission of the crime by one or more other people.

15        Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces

16   or procures" the commission of an offense is punishable as a principal.  You should give these words

17   their ordinary meaning.  A person aids or abets a crime if he knowingly does some act for the purpose of

18   aiding or encouraging the commission of that crime, with the intention of causing the crime charged to

19   be committed.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move

20   by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by

21   unscrupulous or indirect means.

22        A person who aids and abets another to commit an offense is just as guilty as if he committed it

23   himself.  As you can see, the first requirement is that the crime charged was actually committed.

19

1     Obviously, no one can be guilty of aiding and abetting the criminal acts of another if no crime was

2     committed by the other person.  But if a crime was committed, then you may consider whether the

3     defendant or another person aided or abetted the commission of the crime.

4           To aid and abet another in the commission of a crime, it is necessary that a person acted with the

5     same criminal intent necessary for the principal to be guilty, willfully and knowingly associated himself

6     in some way with the crime, and willfully and knowingly sought by some act to help make the crime

7     succeed.  Participation in a crime is willful if action is taken voluntarily and intentionally.

8           The mere presence of a person where a crime is being committed, even coupled with knowledge

9     by the person that a crime is being committed, or the mere acquiescence by that person in the criminal

10    conduct of others, even with guilty knowledge, is insufficient to establish aiding and abetting.

11          The Government must prove that an aider and abettor took some conscious action that furthered

12    the commission of the crime and that he did so with the intent to bring about the crime.  To determine

13    whether a person aided and abetted a crime, ask yourself:

14          • Did he participate in the crime charged as something he wished to bring about?

15          • Did he associate himself with the criminal venture knowingly?

16          • Did he seek by his actions to make the criminal venture succeed?

17    If, but only if, the Government proves beyond a reasonable doubt that the answer to all three questions is

18    "yes," then a person is an aider and abettor, and therefore guilty of the offense.

19          The racketeering acts or predicates charged in Count One, which I will explain soon, are alleged

20    to have included the aiding and abetting of certain crimes under New York state law.  For those

21    predicates, you would apply the New York state standard for aiding and abetting liability.  Luckily, the

22    New York state law is similar to the federal standard, which I just explained to you.  So when I refer to

20

1  aiding and abetting in connection with any of the three counts, you should refer back to the instruction I

2  just gave you for the definition of aiding and abetting.

3      However, there is an one difference between the New York state and federal standard for aiding

4  and abetting.  Under the federal standard, a person can also be found guilty of a crime if he willfully

5  caused another person to commit the crime.  What does the term "willfully caused" mean?  As I just

6  noted, to do something willfully is to do something voluntarily and intentionally.  To "cause" means to

7  bring something about, to effect something.  So "willfully caused" means that it is not necessary for the

8  person himself to have physically committed the crime to be guilty of that crime.

9      To determine whether a person "willfully caused" the commission of a federal crime, ask

10  yourself these questions:

11      • Did he intentionally take action that caused someone else to commit an act that would

12          have been a crime if he himself had committed that act?

13      • Did he intend that the crime would actually be committed by someone else?

14  If the Government proves beyond a reasonable doubt that the answer to both of these questions is "yes,"

15  then the person willfully caused another to commit the federal crime at issue, and he is therefore guilty

16  of the offense under federal aiding and abetting liability as if he himself had physically committed it.

17  Therefore, when I refer to aiding and abetting under the federal standard, you should also consider

18  whether the person willfully caused the commission of the crime.

19

20  <u>Count One (Racketeering Conspiracy): Elements</u>

21      As noted, Count One charges the defendant with participating in a conspiracy to conduct and

22  participate in the affairs of an enterprise through a pattern of racketeering activity.  The other charges in

23  the Indictment, and indeed most crimes, are straightforward in the sense that they involve particular acts,

21

1    committed at one moment in time.  But these racketeering crimes do not involve the commission of a

2    single act at a single time.  Instead, these crimes concern a conspiracy to participate in an organization

3    over a period of time by committing a pattern of criminal acts.  Let me explain these charges.

4         Count One alleges a conspiracy to violate the "RICO" statute, which stands for "Racketeering

5    Influenced and Corrupt Organizations."  The statute makes it a crime for a person to participate in the

6    conduct of an enterprise's affairs through a pattern of certain violations of law known as "racketeering

7    acts."  In this case, the defendant is charged with participating in a conspiracy to violate the RICO

8    statute from at least in or about 2010 through and including in or about 2024.

9         In order to convict the defendant of conspiracy to violate the RICO statute, the charge in Count

10   One, the Government must prove beyond a reasonable doubt each of the following four elements:

11        First, that the conspiracy existed — that is, that two or more persons agreed to conduct or

12   participate in the conduct of a racketeering enterprise;

13        Second, that the racketeering enterprise or its activities would have affected, or in fact affected,

14   interstate commerce;

15        Third, that the defendant knowingly and intentionally joined the conspiracy; and

16        Fourth, that the defendant knowingly and intentionally agreed with at least one other person that

17   either he or a co-conspirator would participate in the conduct of the affairs of the enterprise through a

18   pattern of two or more criminal acts, called "racketeering acts."

19        It is important to realize that the word "racketeering," as used in the RICO statute, is a purely

20   technical term that is defined specifically for the statute.  You should put out of your mind whatever

21   meaning the term may have for you in ordinary English.  What matters is not whether the defendant

22   seems to you to be a "racketeer" in any ordinary sense of the word.  All that matters is whether the

22

1   Government has proved beyond a reasonable doubt each of the elements that make up a violation of this

2   statute, as I will define them for you.

3

4   <u>Count One — First Element: Existence of the Conspiracy</u>

5        The first element the Government must prove beyond a reasonable doubt with respect to Count

6   One is the existence of a conspiracy that had as its object the illegal purpose charged in the Indictment.

7        A conspiracy is a kind of criminal partnership — a combination or agreement among two or

8   more persons to join together to accomplish some unlawful purpose.  A conspiracy to violate a federal

9   law is a separate and distinct offense from the actual violation of such law, which is the so-called

10  "substantive crime."  A defendant's guilt does not depend on the ultimate success of the conspiracy.

11  The conspiracy itself is a separate crime, even if the conspiracy to commit the underlying substantive

12  crime was not successful.

13       To establish the existence of a conspiracy, the Government is not required to show that two or

14  more people sat around a table and entered into a formal contract or even expressed their agreement

15  orally.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come

16  to a common understanding to violate the law.  Express language or specific words are not required to

17  indicate agreement to or membership in a conspiracy.  If you find beyond a reasonable doubt that two or

18  more persons came to an understanding, express or implied, to violate the law and to accomplish an

19  unlawful plan, then the Government will have sustained its burden of proof as to this element.

20       In determining whether there has been an unlawful agreement, you may consider acts and

21  conduct of the alleged co-conspirators that were done to carry out an apparent criminal purpose.  The

22  adage "actions speak louder than words" is applicable here.  Sometimes the only evidence that is

23  available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the

1     part of the individual conspirators, when taken together and considered as a whole.  Different

2     conspirators may undertake different acts at different times.  However, these acts or conduct may

3     warrant the inference that a conspiracy existed.

4          The "object" of a conspiracy is the illegal purpose that the conspirators agree or hope to achieve.

5     In this case, the object of the conspiracy is to violate the RICO statute, that is, to conduct or participate

6     in the conduct of the affairs of an enterprise whose activities would affect interstate commerce through a

7     pattern of racketeering activity.  Let me define these terms for you.

8          What is an "enterprise"?  Under the racketeering statute, an enterprise means a group of people

9     who have associated together for a common purpose; have an ongoing organization, either formal or

10    informal; and have personnel who function as a continuing unit.  The enterprise does not have to have a

11    particular name or, for that matter, have any name at all.  It need not have regular meetings, dues,

12    established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.  Nor

13    must it be registered or licensed as an enterprise.  It does not have to be a commonly recognized legal

14    entity, such as a corporation, a trade union, a partnership, or the like.  An enterprise may be a group of

15    people who have informally associated together for a common purpose of engaging in a course of

16    conduct.  This group may be organized for a legitimate and lawful purpose or it may be organized for an

17    unlawful purpose.  Here, the Government alleges that an organization referred to as the Sunset

18    Trinitarios constituted such an enterprise.

19         In addition to having a common purpose, the enterprise must have a core of personnel who

20    function as a continuing unit.  Furthermore, the enterprise must continue to exist in a substantially

21    similar form through the period charged, in this case from 2010 through 2024.  This does not mean that

22    the membership must remain exactly identical.  The members of the organization can change, and

24

1   participants in its affairs may come and go, but the enterprise must have a recognizable core that

2   continues during a substantial period in the time frame charged in the Indictment.

3       If you find that there was an agreement to conduct or participate in the conduct of a group of

4   people characterized by (1) a common purpose or purposes, (2) an ongoing formal or informal

5   organization, and (3) personnel who function as a continuing unit, then you may find that a conspiracy

6   to violate the RICO statute existed.

7

8   <u>Count One — Second Element: Effect on Interstate Commerce</u>

9       The second element that the Government must prove beyond a reasonable doubt as to Count One

10  is that the criminal enterprise itself, or the racketeering activities of those associated with the enterprise,

11  would have had some effect on interstate commerce, or in fact has such an effect.  This effect on

12  interstate commerce could have occurred in any way and it need only have been minimal.

13      Interstate commerce includes the movement of goods, services, money, and individuals between

14  states.  It is sufficient, for example, that in the course of racketeering activities, members of the

15  enterprise used weapons that had traveled in interstate commerce, traveled interstate themselves, used

16  telephone facilities interstate, or took money from businesses that had an effect on interstate commerce.

17  In addition, I instruct you as a matter of law that all narcotics activity, even purely local narcotics

18  activity, has an effect on interstate commerce.  Thus, if you find that, in the course of the racketeering

19  activities, members of the enterprise trafficked in controlled substances, this element is satisfied.

20      As with the enterprise element, it is not necessary for the Government to prove that any

21  particular act or acts affected interstate commerce or even that acts that the defendant personally

22  committed affected interstate commerce.  It need only prove that some act or acts of the enterprise —

25

1   even perfectly legal acts of the enterprise —had such an effect.  It is not necessary for you to find that

2   the defendant knew the enterprise was engaged in interstate commerce.

3

4   <u>Count One — Third Element: Membership in the Conspiracy</u>

5          The third element that the Government must prove beyond a reasonable doubt as to Count One is

6   that, at some time during the time period charged in the Indictment, in or about 2010 through in or about

7   2024, the defendant was a member of the charged conspiracy.  The Government need not prove that the

8   defendant was a member of the conspiracy for the entire time that the conspiracy existed.

9          You must determine not only whether the defendant participated in the conspiracy, but also

10   whether he did so intentionally and knowingly — that is, whether he participated in the conspiracy with

11   knowledge of its unlawful purpose and with the specific intention of furthering its objective.

12   "Unlawful" simply means contrary to law; a defendant need not have known that he was breaking any

13   particular law, but he must have been aware of the generally unlawful nature of his acts.

14          In that regard, it has been said that in order for a defendant to be deemed a participant in a

15   conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof

16   of a financial interest in the outcome of the scheme is not essential, if you find that the defendant had

17   such an interest, that is a factor that you may properly consider in determining whether or not the

18   defendant was a member of a conspiracy charged in the Indictment.

19          As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you

20   must first find that he knowingly joined the unlawful agreement or plan.  The key question, therefore, is

21   whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the

22   unlawful agreement.

1      It is important for you to note that a defendant's participation in the conspiracy must be

2    established by independent evidence of his own acts or statements, as well as those of the other alleged

3    co-conspirators, and the reasonable inferences that may be drawn from them.  A defendant's knowledge

4    is a matter of inference from facts proved.

5      A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not

6    because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the

7    product of the defendant's conscious objective.

8      If you find that the conspiracy existed and that the defendant participated knowingly and

9    intentionally in it, the extent of the defendant's participation has no bearing on whether or not he is

10   guilty.  The fact that the defendant's participation in a conspiracy may have been more limited than that

11   of a co-conspirator should not affect your verdict.

12     In addition, the duration and extent of the defendant's participation has no bearing on the issue of

13   the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  If the defendant

14   joined the conspiracy at any time in its progress, he is responsible for all that was done before he joined

15   and all that was done during the conspiracy's existence while he was a member.  Each member of a

16   conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others

17   play minor roles in the scheme.  The law does not require equal roles.  In fact, even a single act may be

18   sufficient to draw a defendant within the scope of the conspiracy.

19     Similarly, the Government need not prove that the defendant agreed with every other member of

20   the conspiracy, knew all the other members of the conspiracy, or had full knowledge of all the details of

21   the conspiracy.  However, in proving this element, the Government must prove beyond a reasonable

22   doubt that the defendant was connected to the conspiracy in some meaningful way and that the

27

1   defendant knew the general nature of the conspiracy and knew that the conspiracy existed beyond his

2   individual role.

3       I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime

4   does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more

5   members of the conspiracy does not automatically make the defendant a member. A person may know,

6   or be friendly with, a criminal, without being a criminal himself. Mere knowledge that a crime is being

7   committed is, by itself, not sufficient to constitute membership in a conspiracy. Likewise, mere

8   similarity of conduct or the fact that they may have assembled together and discussed common aims and

9   interests does not necessarily establish membership in the conspiracy. What is necessary is that the

10  defendant participated with knowledge of at least some of the purposes and objectives of the conspiracy

11  and with intent to aid in the accomplishment of those unlawful objectives.

12      Ultimately, the question is this: Has the Government proved beyond a reasonable doubt that the

13  defendant joined the conspiracy and knowingly and intentionally participated in it with the awareness of

14  its basic purpose and as something he wished to bring about?

15

16  <u>Count One — Fourth Element: Agreement to Commit Predicate Acts</u>

17      The fourth element that the Government must prove beyond a reasonable doubt as to Count One

18  is that the defendant knowingly conspired or agreed to participate in the conduct of the affairs of the

19  enterprise through a pattern of racketeering activity. The focus of this element is on a defendant's

20  agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity,

21  and not on a defendant's agreement to commit the individual criminal acts. Additionally, the

22  Government is not required to prove that the defendant agreed to commit two racketeering acts himself

23  or that he actually committed two such acts. Instead, the Government must prove that the defendant

28

1 agreed to participate in the enterprise with the intent that he or another member or members of the

2 conspiracy would commit two or more racketeering acts, which I will describe in a few minutes.

3      As I have told you, it is not necessary that a conspiracy actually succeed in its purpose for you to

4 conclude that it existed. Because the agreement to commit a racketeering offense is the essence of

5 Count One, the Government need only prove that if the conspiracy achieved its objective as

6 contemplated, the enterprise would be established, that its members would participate in conducting the

7 affairs of the enterprise through a pattern of racketeering activity, and that those activities would affect

8 interstate commerce. Of course, proof that the objective of the conspiracy was accomplished, if you find

9 it was, may be the most persuasive evidence of the existence of the conspiracy.

10      A pattern of racketeering activity requires at least two acts of racketeering, the last of which must

11 occur within ten years of the first, excluding any period of imprisonment after the commission of a prior

12 act of racketeering. To establish an agreement that the enterprise would engage in a "pattern of

13 racketeering activity," as alleged in Count One of the Indictment, the Government must prove three

14 things beyond a reasonable doubt:

15      First, the Government must prove beyond a reasonable doubt that the defendant agreed that a

16 conspirator (which could include the defendant himself) would intentionally commit, or cause, or aid

17 and abet the commission of, two or more racketeering acts of the types alleged in Count One of the

18 Indictment, which I will list for you shortly. The jury must be unanimous as to the types of predicate

19 racketeering acts it finds the defendant conspired to commit; it would not be sufficient for six jurors to

20 find the defendant guilty of conspiring to commit two types of racketeering acts and the other six jurors

21 to find him guilty of conspiracy to commit two different types of racketeering acts.

22      Second, the Government must prove beyond a reasonable doubt that the two racketeering acts

23 have a "nexus" to the enterprise and are "related" to one another. A racketeering act has a "nexus" to

29

1    the enterprise if it has a meaningful connection to the enterprise.  To be "related" to one another, the

2    racketeering acts must have the same or similar purposes, results, participants, victim, or methods of

3    commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated

4    events.  But the racketeering acts do not need to be directly related to each other, as long as they are

5    related to the same enterprise.  For example, for both "nexus" and "relatedness" purposes, the requisite

6    relationship between the RICO enterprise and a predicate racketeering act may be established by

7    evidence that the defendant was able to commit the racketeering act solely by virtue of his position in

8    the enterprise or involvement in or control over its affairs; by evidence that the defendant's position in

9    the enterprise facilitated his commission of the racketeering act; by evidence that the racketeering act

10   benefitted the enterprise; by evidence that the racketeering act was authorized by the enterprise; or by

11   evidence the racketeering act promoted or furthered the purposes of the enterprise.  Nevertheless, it is

12   not sufficient for the Government to prove only that the defendant or a co-conspirator committed or

13   planned to commit two racketeering acts.  A series of disconnected acts does not constitute a pattern.

14        Third, to establish a pattern of racketeering activity, the Government must prove beyond a

15   reasonable doubt that the racketeering acts either extended over a substantial period of time or that they

16   posed or would pose a threat of continued racketeering activity.  A series of criminal acts poses a threat

17   of continued racketeering activity if the acts were committed to further the goals of a long-term

18   association that exists for criminal purposes.  The Government need not prove such a threat of continuity

19   by any mathematical formula or by any particular method of proof, but rather may prove it in a variety

20   of ways.  For example, the threat of continued unlawful activity may be established when the evidence

21   shows that the racketeering acts are part of a long-term association that exists for criminal purposes or

22   when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise.

23   Moreover, in determining whether the object of the conspiracy involved the threat of continued unlawful

30

1  activity, you are not limited to consideration of the specific racketeering acts that the defendant himself

2  is alleged to have committed; instead, in addition to considering such acts, you also may consider the

3  nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their

4  entirety, including both charged and uncharged unlawful activities.

5      Let me be clear about what the Government is and is not required to prove for a conviction under

6  Count One.  The Government must prove that the defendant intended to further an endeavor that, if

7  completed, would have satisfied all of the elements of a racketeering offense.  But the Government is

8  not required to prove that the defendant personally committed or even agreed to commit any act of

9  racketeering.  Nor is it required to prove that any acts of racketeering actually occurred.  Instead, for a

10 conviction under Count One, the Government must prove beyond a reasonable doubt that the defendant

11 agreed to participate in the enterprise with the knowledge and intent that at least one member, which

12 could be the defendant himself, would commit at least two racketeering acts in the conduct of the affairs

13 of the enterprise, and that those acts would constitute a pattern of racketeering activity as defined above.

14

15 <u>Difference Between "Enterprise" and "Pattern of Racketeering Activity"</u>

16     Keep in mind that an enterprise is not the same thing as the pattern of racketeering activity.  To

17 convict, the Government must prove beyond a reasonable doubt that if the conspiracy achieved its

18 objective, there would be an enterprise *and* that the enterprise's affairs would be conducted through a

19 pattern of racketeering activity.  As I have mentioned, the enterprise in this case is alleged to be a group

20 of individuals who associated together for a common purpose of engaging in a course of conduct, known

21 as the Sunset Trinitarios  A pattern of racketeering activity, on the other hand, is a series of criminal

22 acts.  The proof used to establish these separate elements may be the same or overlapping.  For example,

23 if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the

31

1    separate racketeering acts were part of a "pattern" of continuing criminal activity. Nevertheless, you

2    should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of

3    racketeering activity or vice versa.

4

5    <u>Racketeering Predicates</u>

6         I will now instruct you on the substantive law governing the racketeering acts (or predicates) that

7    the Indictment alleges were part of the pattern of racketeering activity in this case.

8         The Indictment alleges that the following categories of criminal violations were committed or

9    were intended to be committed as part of the racketeering conspiracy charged in Count One:

10           a.  acts involving murder, attempted murder, and conspiracy to commit murder in

11              violation of New York state law;

12           b.  acts involving robbery, attempted robbery, and conspiracy to commit robbery in

13              violation of New York state law; and

14           c.  acts involving the distribution of or the possession with intent to distribute controlled

15              substances and conspiracy to do the same in violation of federal law.

16        As a reminder, you must be unanimous as to the *types* of predicate racketeering acts that the

17   persons agreed to commit, but you are not required to make findings of specific predicate acts.

18        I will now instruct you about each kind of alleged racketeering act in turn.

19

1    1.  Racketeering Predicate: Murder, Attempted Murder, and Conspiracy to Commit Murder in

2        Violation of New York Law

3        The Indictment alleges that one of the categories of criminal violations that were committed or

4    intended to be committed as part of the racketeering conspiracy charged in Count One included murder,

5    attempted murder, and conspiracy to commit murder in violation of New York law.

6        Let me explain each of those in turn.

7

8            i.  Murder

9        Murder is the killing of another human being with malice aforethought.  In particular, under New

10   York law, the Government must prove two elements beyond a reasonable doubt.

11       First, the Government must prove beyond a reasonable doubt that the person caused the death of

12   another human being or aided and abetted the same.

13       To cause the death of another, the person's conduct must be a sufficiently direct cause of the

14   victim's death.  In other words, an act caused a victim's death if the act, in a natural and continuous

15   sequence, results in the death, and if the death would not have occurred without the act.  A mere

16   probable connection between the conduct and the death will not suffice.  At the same time, if a person's

17   conduct is an actual contributory cause of the death of another, then it does not matter if such conduct

18   was not the sole cause of the death.

19       Second, the Government must prove beyond a reasonable doubt that the person intended to cause

20   the death of another person.  Under New York law, a person intends to cause the death of another person

21   when his conscious objective or purpose is to cause the death of that person.

22       Intent does not require premeditation or advance planning.  Intent can be formed, and need only

23   exist, at the very moment the person engages in prohibited conduct or acts to cause the prohibited result.

33

1    You must decide based on the proved facts whether or not you can infer beyond a reasonable doubt that

2    the person intended to cause the death.  In doing so, you may consider the person's conduct and all of

3    the circumstances surrounding that conduct, including, but not limited to, the following: (1) what, if

4    anything, the person did or said; (2) what result, if any, followed the person's conduct; and (3) whether

5    that result was the natural, necessary, and probable consequence of that conduct.

6          Furthermore, there is no requirement that the person who is murdered be the same person who

7    was intended to be murdered.  Thus, the intent element is satisfied when the person intends to kill one

8    person but instead kills another person.

9          In determining whether a person agreed as part of the racketeering conspiracy that he or a co-

10   conspirator would commit murder in violation of New York state law, you may apply the instructions on

11   aiding and abetting under state law that I gave you earlier.  Thus, you may find that the racketeering

12   conspiracy involved acts involving murder either because you find that the person agreed that he or a co-

13   conspirator would commit an act constituting murder under New York law or because you find that he

14   agreed that he or a co-conspirator would assist a third party in doing so.

15

16          ii.   <u>Attempted Murder</u>

17          The Indictment also charges predicate acts involving attempted murder in violation of New York

18   law.  Under New York law, a person is guilty of an *attempt* to commit a crime when, with intent to

19   commit a crime, he engages in conduct which tends to effect the commission of such crime.

20          Thus, in order to prove that a person attempted to commit murder, the Government must prove

21   two elements beyond a reasonable doubt:

22          <u>First</u>, that the person intended to commit murder; and

34

1     <u>Second</u>, that the person committed some act that was a substantial step in an effort to bring about

2     or accomplish the murder.

3          In order to convict a person of an attempt, you must find beyond a reasonable doubt that the

4     person intended to commit the crime charged and that he took some action which was a substantial step

5     toward the commission of that crime, and indeed which came dangerously near completion of the

6     completed crime.  In determining whether the person's actions met this standard, it is necessary to

7     distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the

8     other.  Mere preparation, which may consist of planning the offense, or of obtaining or arranging a

9     means for its commission, is not an attempt.  The acts of a person who intends to commit a crime will

10    constitute an attempt when the acts themselves clearly indicate intent to commit that crime, and the acts

11    are a substantial step in a course of conduct planned to end with the commission of that crime.

12         Like a completed crime, a person may be guilty of an attempt if he personally attempts to

13    commit it or if he aids and abets an attempt committed by another.  Here, you should also apply my

14    earlier instructions on aiding and abetting under New York state law.

15

16          iii.     <u>Conspiracy to Commit Murder</u>

17         The Indictment also charges predicate racketeering acts of conspiracy to commit murder under

18    New York state law.  Conspiracy to commit murder under New York law requires the Government to

19    prove three elements beyond a reasonable doubt.

20         <u>First</u>, that the person agreed with one or more other persons to engage in or cause the

21    performance of a murder;

22         <u>Second</u>, that the person did so with the intent that such murder be performed;

1    <u>Third</u>, that the person, or one of the people with whom he agreed to engage in or cause the

2    performance of the conduct, committed an overt act in furtherance of the conspiracy.

3        As I just explained, a person acts with intent that a murder be performed when his conscious

4    objective or purpose is that the murder should occur.  The agreement to engage in or cause the

5    performance of a crime is not itself an overt act. The overt act must be an independent act that tends to

6    carry out the conspiracy.  The overt act can be, but need not be, the commission of the crime that was

7    the object of the conspiracy.

8

9    2.    <u>Racketeering Predicate: Robbery, Attempted Robbery, and Conspiracy to Commit Robbery in</u>

10          <u>Violation of New York Law</u>

11       The Indictment also alleges that one of the categories of criminal violations that were committed

12    or were intended to be committed as part of the racketeering conspiracy were acts involving robbery,

13    attempted robbery, and conspiracy to commit robbery in violation of New York law.  I will describe

14    those crimes now.

15       In order for you to find that a person committed robbery under New York state law, the

16    Government must prove beyond a reasonable doubt that:

17       <u>First</u>, that the person wrongfully took, obtained, or withheld property from the owner of the

18    property;

19       <u>Second</u>, that the person took the property with the intent to deprive another of property or to

20    appropriate the property to himself;

21       <u>Third</u>, that, in taking the property, the person used or threatened the immediate use of physical

22    force upon another person for the purpose of preventing or overcoming resistance to the taking of the

23    property.

36

1    In determining whether a person agreed as part of the racketeering conspiracy that he or a co-

2    conspirator would commit acts involving robbery in violation of New York State law, you may apply

3    the instructions on attempt, conspiracy, and aiding and abetting under New York law that I gave you

4    earlier. Thus, you may find that the racketeering conspiracy involved acts involving robbery or

5    attempted robbery either because you find that an individual agreed that either he or a co-conspirator

6    would personally commit or attempt to commit an act constituting robbery under New York law or

7    because you find that the individual agreed that he or a co-conspirator would assist a third party in doing

8    so.

9

10    3.    Racketeering Predicate: Distribution of or Possession with Intent to Distribute Controlled

11          Substances and Conspiracy to Do the Same in Violation of Federal Law

12    Finally, Count One also alleges that one of the categories of criminal violations that were

13    committed or were intended to be committed as part of the racketeering conspiracy were offenses

14    involving the distribution of or possession with intent to distribute controlled substances — including

15    heroin, cocaine, marijuana, and oxycodone in violation of federal law — and conspiracy to commit

16    those crimes.

17

18          i.    Distribution of or Possession with Intent to Distribute Controlled Substances

19    The three elements of distributing or possessing with the intent to distribute a controlled

20    substance are:

21    First, that the person distributed a controlled substance, or possessed a controlled substance with

22    the intent to distribute it;

23    Second, that he did so unlawfully, intentionally, and knowingly; and

37

1          Third, that the substance involved was in fact a controlled substance.

2          The word "distribution" means the actual, constructive, or attempted transfer of the controlled

3   substance.  To distribute simply means to deliver, to pass over, to hand over something to another

4   person, or to cause it to be delivered, passed on, or handed over to another.  Distribution does not require

5   a sale, but includes sales.

6          What does "possession with intent to distribute" mean?  I will first discuss the concept of

7   "possession," and then discuss the concept of "intent to distribute."  The legal concept of possession

8   may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is

9   what most of us think of as possession — that is, having physical custody or control of an object, as I

10  possess this pen.  However, a person need not have actual, physical possession — that is, physical

11  custody of an object — in order to be in legal possession of it.  If a person has the ability to exercise

12  substantial control over an object, even if he or she does not have the object in his physical custody, and

13  that person has the intent to exercise such control, then the person is in possession of that object.  This is

14  called "constructive possession."  Control over an object may be demonstrated by the existence of a

15  working relationship between one person having the power or ability to control the item and another

16  person who has actual physical custody.  The person having control "possesses" the narcotics, because

17  he has an effective working relationship with the person who has actual physical custody of the

18  narcotics, and because he can direct the movement or transfer or disposition of the narcotics.  More than

19  one person can have control over the same narcotics.  The law recognizes that possession may be sole or

20  joint.

21          Finally, possession and ownership are not the same.  A person can possess an object and not be

22  the owner of the object.

1       Possession "with intent to distribute" simply means the possession of a controlled substance

2  with the intent or purpose to "distribute" it to another person or persons, as I have already defined that

3  term.  Since no one can read another person's mind, the determination as to a person's intent is inferred

4  from his behavior.  Basically, the question with regard to the intent aspect of the underlying offense is

5  whether any controlled substances in a person's possession, that is, subject to his control in the manner I

6  have indicated, were for the purpose of distribution to another.

7       I also instruct you that heroin, cocaine, marijuana, and oxycodone are "controlled substances"

8  under federal law.  For a person to be found guilty of distributing or possessing a controlled substance,

9  the Government need not prove the purity of the controlled substances — any mixture or substance

10  containing a detectable amount of a controlled substance is sufficient.

11       Finally, in determining whether a person agreed as part of the racketeering conspiracy that he or

12  a co-conspirator would commit acts involving the distribution of a controlled substance, you may apply

13  the federal aiding and abetting instruction I gave you earlier.

14

15       ii.    <u>Conspiracy to Distribute or Possess with Intent to Distribute Controlled Substances</u>

16       As to conspiracy to distribute or possess with intent to distribute a controlled substance, the

17  Government must prove two elements beyond a reasonable doubt:

18       <u>First</u>, the narcotics conspiracy actually existed — that is, there was, in fact, an agreement or

19  understanding between two or more persons to knowingly and intentionally distribute, or possess with

20  intent to distribute, a controlled substance.

21       <u>Second</u>, the person intentionally and knowingly became a member of the narcotics conspiracy —

22  that is, he knowingly associated himself with the narcotics conspiracy, and participated in the conspiracy

23  to distribute or possess with the intent to distribute narcotics.

1    I have already instructed you on the federal law of conspiracy, and you should apply that law

2    here.  Let me note that the Government need prove only that a person either conspired to distribute a

3    controlled substance or that he conspired to possess the controlled substance with the intent to distribute

4    it.  The Government need not prove both.  You must be unanimous, however, as to which act was

5    proved beyond a reasonable doubt to have been the object of the conspiracy.

6

7    Count Two (Murder in Aid of Racketeering): Elements

8    That completes my instructions as to Count One, the racketeering conspiracy charge.

9    Count Two charges the defendant with committing or causing the murder of Michael Beltre at

10   least in part for the purpose of maintaining or increasing the defendant's position in a racketeering

11   enterprise.

12   This law makes it a crime for any person, for the purpose of gaining entrance to or maintaining

13   or increasing position in an enterprise engaged in racketeering activity, to murder any individual in

14   violation of local law.

15   Accordingly, in order to sustain its burden of proof for Count Two, the Government must prove

16   each of the following three elements beyond a reasonable doubt:

17   First, that the enterprise described in Count One existed, that it engaged in a pattern of

18   racketeering activity, and that its activities affected interstate commerce, as I have previously defined

19   these terms for you;

20   Second, that on or about October 23, 2013, the defendant committed or aided and abetted the

21   murder of Michael Beltre in violation of New York law; and

22   Third, that one of the defendant's purposes in committing, or aiding and abetting, the murder was

23   to gain entrance to, maintain his position in, or increase his position in the enterprise.

40

1    I will explain each of these elements in more detail now.

2

3    <u>Count Two — First Element: Existence of the Enterprise</u>

4    I already defined for you, in connection with Count One, the meaning of "enterprise," "affecting

5    interstate commerce," and "racketeering activity."  But unlike the instructions I gave you for Count One,

6    which charged a *conspiracy* to commit racketeering, for purposes of Count Two, the Government must

7    prove that the enterprise charged in the Indictment, the Sunset Trinitarios, actually existed.  You must

8    find that at the general time that the murder occurred, the enterprise was engaged in racketeering

9    activity, as I defined that term for you.  And finally, you must find that the criminal enterprise itself, or

10   the racketeering activities associated with it, had some effect on interstate commerce, as I have

11   previously explained these terms to you.

12

13   <u>Count Two — Second Element: Murder in Violation of New York Law</u>

14   The second element the Government must prove beyond a reasonable doubt is that the defendant

15   committed or aided and abetted the murder of Michael Beltre in violation of New York law.

16   I have already instructed you on the elements of murder under New York law and you should

17   apply those instructions here.  I remind you that, just like the other murder charges I have already

18   discussed, a defendant may be guilty of murder by personally committing the crime or aiding and

19   abetting it.  You should apply the New York standard that I explained earlier.

20

41

1    <u>Count Two — Third Element: Purpose of Gaining Entrance to, or Maintaining or Increasing Position, in</u>

2    <u>the Enterprise</u>

3         The third element that the Government must prove beyond a reasonable doubt is that the

4    defendant committed, or aided and abetted, the charged murder for the purpose of gaining entrance to,

5    maintaining his position in, or increasing his position in the Sunset Trinitarios enterprise.

6         Your focus in this element is on the general purpose or motive of the defendant in committing, or

7    aiding and abetting, the charged murder.  The Government does not need to prove that gaining entrance

8    to, or maintaining or increasing position in the enterprise, was the defendant's *only* motive, or even his

9    principal motive, so long as it was a substantial motivating factor in the defendant's decision to

10   participate in, or aid and abet, the murder.  For example, this element is satisfied if the defendant

11   committed the crime because he knew it was expected of him by reason of his involvement in the Sunset

12   Trinitarios, because it would enhance or maintain his power or prestige within the Sunset Trinitarios, or,

13   with respect to a high-ranking member of the enterprise, if he committed or sanctioned the charged

14   violent act to protect Sunset Trinitarios's operations or to advance its objectives.  These examples,

15   however, are by way of illustration and are not exhaustive.

16

17   <u>Count Three (Murder Through the Use of a Firearm): Elements</u>

18        Finally, Count Three charges the defendant with knowingly using or carrying a firearm in

19   relation to a crime of violence — or aiding and abetting or willfully causing another person to do the

20   same — resulting in the murder of Michael Beltre.

21        To sustain its burden of proof on this count, the Government must prove each of the following

22   five elements beyond a reasonable doubt:

42

1    First, that on or about October 23, 2013, the defendant used or carried or possessed a firearm, or

2    any combination of those acts, or aided and abetted or willfully caused another person to do so;

3    Second, that the use or carrying of the firearm was during and in relation to a crime of violence

4    or possession of the firearm was in furtherance of such a crime;

5    Third, that the defendant or the person he aided and abetted caused the death of Michael Beltre

6    through the use of a firearm;

7    Fourth, that the death of Michael Beltre qualifies as a murder under federal (not New York state)

8    law, as I will define that term for you in a moment; and

9    Fifth, that the defendant acted knowingly.

10

11    Count Three — First Element: Use, Carry, or Possess a Firearm

12    The first element the Government must prove beyond a reasonable doubt is that, on or about

13    October 23, 2013, the defendant, or a person he aided and abetted, used, carried, or possessed a firearm.

14    Let me start by defining some terms.

15    A "firearm" is any weapon that will, or is designed to or may readily be converted to, expel a

16    projectile by the action of an explosion.  It does not matter if the firearm was loaded or operable at the

17    time of the crime.  A gun is a firearm.

18    In order to prove that someone "used" a firearm, the Government must prove beyond a

19    reasonable doubt an active employment of the firearm during and in relation to the relevant crime of

20    violence, as I will explain that term in a moment.  This does not mean that the defendant, or a person he

21    aided and abetted or willfully caused to use the firearm, must actually have fired or attempted to fire the

22    weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even

23    referring to the weapon so that other people knew that the person had a firearm available if needed all

43

1  constitute "use" of the firearm.  But the mere possession of a firearm at or near the site of the crime at

2  issue, without active employment, is not sufficient to constitute "use" of the firearm.

3          To prove that someone "carried" a firearm, the Government must prove beyond a reasonable

4  doubt that the defendant, or a person he aided and abetted or willfully caused to carry a firearm, had the

5  weapon within his control in such a way that it furthered the commission of the relevant crime of

6  violence.

7          With respect to "possessing" a firearm, the Government must prove beyond a reasonable doubt

8  that the defendant, or a person he aided and abetted or willfully caused to possess a firearm, either had

9  actual physical possession of the firearm or had substantial custody or control over it.  But mere

10  possession of a firearm is not enough.  The possession must be in furtherance of the relevant crime of

11  violence — in other words, it must have played some part in furthering the crime for this element to be

12  satisfied.

13

14  <u>Count Three — Second Element: During and in Relation to a Crime of Violence</u>

15          The second element that the Government must prove beyond a reasonable doubt with respect to

16  Count Three is that the defendant either used or carried the firearm during and in relation to a crime of

17  violence, or possessed a firearm in furtherance of such a crime, or aided and abetted or willfully caused

18  another person to do so.  For Count Three, which charges the defendant with committing this crime in

19  connection with the murder of Michael Beltre, the underlying crime of violence that must be proved

20  beyond a reasonable doubt is the murder in aid of racketeering crime that is charged in Count Two.

21          You must find beyond a reasonable doubt that the defendant actually committed the underlying

22  crime of violence.  Possession in furtherance, as I explained earlier, requires that the firearm must have

23  played some part in furthering the crime in order for this element to be satisfied.

44

1

2    <u>Count Three — Third Element: Causing Death</u>

3    The third element the Government must prove beyond a reasonable doubt with respect to Count

4    Three is that the defendant caused the death of Michael Beltre through the use of a firearm, or aided and

5    abetted or willfully caused the same.  The defendant may be found to have caused the death of the

6    victim if his conduct, or the conduct of a person he aided and abetted, was a substantial factor in causing

7    the death and the victim would not have died except for that conduct.  Conduct was a substantial factor

8    if it had such an effect in producing the death that would lead a reasonable person to regard the conduct

9    as a cause of death.  The death of a person may have one or more than one cause.  The Government need

10   not prove that the conduct of the defendant, or a person he aided and abetted, was the only cause of the

11   victim's death, and you do not need to find that the defendant shot the victim or that he committed the

12   final, fatal act.  The Government need prove only that the conduct of the defendant, or a person he aided

13   and abetted, was a substantial factor in causing the death.

14

15   <u>Count Three — Fourth Element: Death Qualifies as a Murder Under Federal Law</u>

16   The fourth element the Government must prove beyond a reasonable doubt with respect to Count

17   Three is that the defendant committed, or aided and abetted or willfully caused, the murder of Michael

18   Beltre in violation of federal law.  Fortunately, the definition of murder under federal law is very similar

19   to the definition under New York law, which I explained to you in connection with Count One.

20   The federal statute defines murder as "the unlawful killing of a human being, with malice

21   aforethought."  A killing is done with "malice aforethought," if it was done consciously with the intent

22   to kill.  The Government must prove beyond a reasonable doubt that the act that caused death was done

23   willfully, with a bad or evil purpose to break the law.  But the Government need not prove spite,

45

1  malevolence, hatred, or ill will toward the victim in order to prove "malice aforethought."  It would be

2  sufficient to satisfy this element if the Government proved reckless and wanton conduct on the part of

3  the defendant that grossly deviated from a reasonable standard of care such that he or she was aware of

4  the serious risk of death.

5

6  <u>Count Three — Fifth Element: Knowingly</u>

7        The final element the Government must prove beyond a reasonable doubt is that the defendant

8  knew that he, or the person he aided and abetted, was using, carrying, or possessing a firearm and that he

9  acted knowingly in doing so.

10        To satisfy this element, you must find that the defendant had knowledge that what was being

11  carried or used was a firearm as that term is generally used.  An act is done "knowingly" if it is done

12  purposefully and voluntarily as opposed to mistakenly or accidentally.  You will recall that I instructed

13  you earlier that to find that someone acted knowingly requires you to make a finding as to that person's

14  state of mind.  In order for the Government to satisfy this element, it must prove that the defendant knew

15  what he was doing — for example, that he knew that he, or a person he aided and abetted, was

16  possessing or carrying a firearm in furtherance of the commission of a crime of violence.  It is not

17  necessary, however, for the Government to prove that the defendant knew that he was violating any

18  particular law.

19

20  <u>Venue</u>

21        In addition to all of the elements that I have described for you, in order to convict the defendant

22  on any count of the Indictment, you must also decide whether any act in furtherance of that crime

46

1    occurred within the Southern District of New York.  The Southern District of New York includes

2    Manhattan and the Bronx.

3        The Government need not prove that any crime was committed entirely in this district or that the

4    defendant was present here.  It is sufficient to establish venue if any act in furtherance of the crime

5    occurred within the Southern District of New York and it was reasonably foreseeable to the defendant

6    that the act would take place in the Southern District of New York.  Any action in this district or any

7    communication into or out of this district can establish venue so long as the action or communication

8    furthered the charged offense.  If you find that the crime charged was committed in more than one

9    district, venue is proper in any district in which the crime was begun, continued, or completed.

10       I should note that on this issue — and this issue alone — the Government's burden is not proof

11   beyond a reasonable doubt, but only proof by a preponderance of the evidence.  Thus, the Government

12   has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

13   in furtherance of the crime charged in that count occurred in the Southern District of New York.  By

14   contrast, if you find that the Government failed to prove venue by a preponderance of the evidence with

15   regard to any count, then you must acquit the defendant of that count.

16

17   <u>Timing of the Offenses</u>

18       With respect to the dates set forth in the Indictment, it is sufficient if you find that the charged

19   conduct occurred around the dates set forth in the Indictment.  It does not matter if a specific event or

20   transaction is alleged to have occurred on or about a certain date and the evidence indicates that, in fact,

21   it occurred on another date.  The law requires only a substantial similarity between the dates alleged in

22   the Indictment and the dates established by the testimony and other evidence.

23

47

### III. CONCLUDING INSTRUCTIONS

Selection of the Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should include the date and time they were sent.  They should also be as clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations.  In addition, you will also be provided with a list of all the exhibits that were received into evidence.

If you want any of the testimony submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court reporter must search through her notes, the parties must agree on what portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

48

1    Juror Note-Taking

2         If any one of you took notes during the course of the trial, you should not show your notes to, or

3    discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

4    used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

5    greater weight than those of any other juror.  Finally, your notes are not to substitute for your

6    recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

7    the testimony, you may — as I just told you — request that the official trial transcript that has been

8    made of these proceedings be submitted or read back to you.

9

10   Bias, Prejudice, and Sympathy

11        All of us, no matter how hard we try, tend to look at others and weigh what they have to say

12   through the lens of our own experience and background.  We each have a tendency to stereotype others

13   and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

14   that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

15   all litigants and witnesses are entitled to a level playing field.

16        In particular, it would be improper for you to consider, in reaching your decision as to whether

17   the Government sustained its burden of proof, any personal feelings you may have about the defendant's

18   race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

19   you to consider any personal feelings you may have about the race, religion, national origin, gender,

20   sexual orientation, or age of any witness or anyone else involved in this case.  Additionally, you must

21   not be influenced by any personal feelings you may have about gang violence, drug dealing, religion and

22   religious-like beliefs, or the nature of the charged crimes.

1    Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

2    are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

3    question that you must ask yourselves for each count is:  Has the Government proved each element of

4    each count beyond a reasonable doubt?

5    It is for you and you alone to decide whether the Government has sustained its burden of proving

6    the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

7    and subject to the law as I have instructed you.

8    It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

9    there is a risk that you will not arrive at a true and just verdict.

10    If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

11    you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

12    that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

13    with respect to a particular count, then you should not hesitate because of sympathy or any other reason

14    to render a verdict of guilty on that count.

15    I also caution you that, under your oath as jurors, you cannot allow to enter into your

16    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

17    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

18    and the issue of punishment may not affect your deliberations as to whether the Government has proved

19    the defendant's guilt beyond a reasonable doubt.

20

21    <u>Duty to Deliberate</u>

22    The most important part of this case, members of the jury, is the part that you as jurors are now

23    about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

50

1     presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

2     would well and truly try the issues joined in this case and a true verdict render.

3             As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

4     to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

5     the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

6     fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

7     hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

8     honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

9             Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

10    you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

11    any time during your deliberations.

12

13    <u>Return of the Verdict</u>

14           We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

15    attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

16    will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

17    foreperson has been selected.

18           You should draw no inference from the questions on the Verdict Form as to what your verdict

19    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

20    should be answered.

21           After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

22    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

23    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

1    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

2    Verdict Form and hand it to me in open court when I ask for it.

3          I will stress again that each of you must be in agreement with the verdict that is announced in

4    court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

5    revoked.

6

7    <u>Closing Comments</u>

8          Finally, I say this, not because I think it is necessary, but because it is the custom in this

9    courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

10         All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

11   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

12   to see that justice is done.

13         Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

14   guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

15   the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

16   on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

17   clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

18   impartial decision so that you will arrive at the just verdict.

19         Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

20   spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

21   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

22   the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                 :

UNITED STATES OF AMERICA,           :
                                   :

     -v-                               :         S1 20-CR-22-3 (JMF)
                                   :

CARLOS RAMIREZ,                  :
                                   :         <u>VERDICT FORM</u>
               Defendant.        :
                                   :
------------------------------------------------------------------X

***All Answers Must Be Unanimous***

## <u>Count One</u> – Racketeering Conspiracy

As to Count One, how do you find the defendant CARLOS RAMIREZ?

    Guilty    _____     Not Guilty    _____

<u>If and only if</u> you find defendant guilty of Count One, which type or types of racketeering crimes do you find were involved in the offense?

     <u>Acts Involving Murder, Attempted Murder, or Conspiracy to Commit Murder</u>

         Proved _____     Not Proved _____

         If you find that the offense involved acts involving murder, attempted murder, or conspiracy to commit murder, how many such acts do you find were involved in the offense?

         One _____ Two _____ More Than Two _____

     <u>Acts Involving Robbery, Attempted Robbery, or Conspiracy to Commit Robbery</u>

         Proved _____     Not Proved _____

         If you find that the offense involved acts involving robbery, attempted robbery, or conspiracy to commit robbery, how many such acts do you find were involved in the offense?

         One _____ Two _____ More Than Two _____

***Please Turn to the Next Page***

<u>Acts Involving Distribution of or Possession with Intent to Distribute Controlled Substances and Conspiracy to Do the Same</u>

Proved _____    Not Proved _____

If you find that the offense involved acts involving distribution of or possession with intent to distribute controlled substances and conspiracy to do the same, how many such acts do you find were involved in the offense?

One _____    Two _____    More Than Two _____

**Count Two – Murder of Michael Beltre, a/k/a "Sofoke," in Aid of Racketeering**

As to Count Two, how do you find the defendant CARLOS RAMIREZ?

Guilty  _____    Not Guilty  _____

**Count Two – Murder of Michael Beltre, a/k/a "Sofoke," Through the Use of a Firearm**

As to Count Three, how do you find the defendant CARLOS RAMIREZ?

Guilty  _____    Not Guilty  _____

*Please Turn to the Next Page*

2

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____     _____

Foreperson


_____     _____



_____     _____



_____     _____



_____     _____



_____     _____


Date and Time:     _____


*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —*
*to the Court Security Officer stating that you have reached a verdict.  The foreperson should retain*
*the official Verdict Form to be handed to the Judge in open court.*